IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LANEEKA A. WHITE, *et al.* | ) | CASE NO. |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | **DEFENDANT'S NOTICE OF** |
| trading as Wells Fargo Dealer Services | ) | **REMOVAL** |
| | ) | |
| Defendant. | ) | |

TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441, 1446, 1453, and 1332, Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its undersigned counsel, hereby gives notice of the removal to the United States District Court for the Northern District of Ohio, Eastern Division of the action styled *Laneeka A. White, et al. v. Wells Fargo Bank N.A., trading as Wells Fargo Dealer Services*, Case No. CV 12 777275, currently pending in the Court of Common Pleas, Cuyahoga County, Ohio. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA"). As grounds for the removal, Defendant states as follows:

## BACKGROUND

1.     Plaintiffs commenced the above-captioned action in the Court of Common Pleas, Cuyahoga County, Ohio, on March 2, 2012 by filing their Complaint in the cause styled *White v. Wells Fargo Bank, N.A.*, Case No. CV 12 777275. (*See* State Court Pleadings, attached hereto at Exhibit B.) Through this action, Plaintiffs seek equitable relief and damages for the alleged failure to follow certain procedures in connection with the repossession and post-repossession sale of their vehicle.

2.      According to the Complaint, the action is brought on behalf of all persons of Ohio who entered a retail installment sales contract for the purchase of a motor vehicle, which was subsequently assigned to Wells Fargo who had their vehicle(s) repossessed by Wells Fargo in the six years preceding the filing of the action, and

- "were issued a 'Notice of Sale' by Wells Fargo which failed to provide the correct public sale date for the auction of the vehicle" (the "Notice of Sale" class); or

- "were issued a Notice of Redemption by Wells Fargo where the minimum bid price for the Vehicle at public auction was specified; and the Vehicle was subsequently sold at public auction for less than the minimum bid amount disclosed" (the "Redemption Notice" class); or

- "where the Contract states that Ohio Law Applies" and "stated that [expenses] pa[id[ as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it would be deducted from the proceeds from the public sales" and "where Wells Fargo issued 'Deficiency Notices' where 'collection fees' were deducted from the proceeds of the sale" (the "Breach of Contract" class).

(Complaint ¶¶ 41-43.)[1]

3.      According to the Complaint, Plaintiffs specifically seek, on behalf of themselves and all putative class members, disgorgement of sums collected by Wells Fargo for deficiency balances following the disposition of repossessed motor vehicles; compensatory damages for sums paid for deficiency balances including repossession costs and collection fees; statutory damages at least equal to the total finance charges and 10% of the principal amount borrowed;

---

[1]      Although this action was filed by Plaintiffs as a putative class action and is therefore removable under the relevant statutes, Wells Fargo does not admit that this action can properly proceed as a class action.  Wells Fargo expressly reserves the right to challenge whether the action brought by Plaintiff meets the requirements of Rule 23.

forgiveness of unpaid deficiency balances; pre-judgment and post-judgment interest; attorney's fees, costs, and expenses, equitable relief, and any other relief the Court deems appropriate. (Complaint p. 14.)

## THIS ACTION IS REMOVABLE UNDER
## THE CLASS ACTION FAIRNESS ACT

4.     This civil action was commenced after the effective date of the Class Action Fairness Act of 2005, Pub. L. No. 109-2 (enacted Feb. 18, 2005), codified at 28 U.S.C. §§ 1332(d), 1453 and 1711-1715 ("CAFA").

5.     Under 28 U.S.C. § 1332(d)(2), this Court has original jurisdiction over class actions in which:  (i) there are at least 100 members in the Plaintiffs' proposed class, (ii) any member of the plaintiff class is a citizen of a state different from any defendant, and (iii) the aggregate value of the claims exceeds $5,000,000.

**A.     Diversity of Citizenship Exists.**

6.      CAFA requires only minimal diversity for class actions in which "any member of a class of Plaintiff is a citizen of a State different from any defendant."   28 U.S.C. § 1332(d)(2)(A).

7.     Plaintiffs purport to bring a putative class action consisting of "all persons of Ohio" in the six years preceding the filing of this lawsuit (the "Class Period") for whom Wells Fargo allegedly failed to follow certain procedures in connection with the repossession and post-repossession sale of their vehicle.

8.     Wells Fargo Bank, N.A. ("Wells Fargo") is a national banking association incorporated in South Dakota with its principal place of business in Minneapolis, Minnesota. (Declaration of Charles Stark (Exhibit A) ¶ 2.)  Therefore, it is clear that at least one member of

the class of Plaintiffs is a citizen of a State different from that of Wells Fargo, and minimal diversity exists in this civil action.

**B.      The Number of Putative Class Members Exceeds 100, and the Amount in Controversy Requirement is Satisfied.**

9.      The Complaint also alleges that the putative class members are Ohio auto loan borrowers over a six year time period who were subject to repossession of their vehicles.

10.      Wells Fargo has significant activity in the Ohio auto loan market, and in the six years prior to the filing of this suit, approximately nine thousand Wells Fargo auto loan consumers were subject to repossession of their vehicles.  (Stark Decl. ¶ 3.)

11.      Individual consumer auto loans typically amount in the tens of thousands of dollars, and post-repossession deficiency balances typically amount in the thousands of dollars. (Stark Decl.  ¶ 4.)

12.      While Defendant's investigation into Plaintiffs' allegations continues and is not yet complete, based on Plaintiffs' allegations and request for damages in the form of, *inter alia*, disgorgement of sums collected for deficiency balances, elimination of unpaid deficiency balances, and statutory damages at least equal to the total finance charges and 10% of the principal amount borrowed, Defendant reasonably estimates that the amount in controversy in this matter is greater than $5,000,000.

### COMPLIANCE WITH REMOVAL STATUTE

13.      Defendant was served, via certified mail, with a copy of the Complaint on March 19, 2012.  This Notice of Removal is therefore timely filed under 28 U.S.C. § 1446 and Fed. R. Civ. P. 6(a).

14.      This Court is part of the "district and division embracing the place where" this action was filed: Cuyahoga County, Ohio.  *See* 28 U.S.C. § 1446(a).

15.     Appended hereto at Exhibit B is Plaintiff's Complaint, as well as all other pleadings that have been filed in this action thus far, and a copy of the state court docket.  There are no other documents in the state court record for this case.

16.     Promptly after the filing of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d), Defendant will, give written notice of this Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Court of the Court of Common Pleas of Cuyahoga County, Ohio.

17.     As of the date of removal, Defendant has not filed a responsive pleading to the Complaint.  Defendant hereby reserves the right to assert any and all defenses to the Complaint, including objections as to venue, personal jurisdiction, and service, and the filing of this Notice of Removal is subject to, and without waiver of, all such defenses and objections.  Defendant further reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant requests that this action proceed in the United States District Court for the Northern District of Ohio as a properly removed action.

Respectfully submitted,


*s/Martha S. Sullivan*
Martha S. Sullivan (0064040)
   *martha.sullivan@squiresanders.com*
Chaundra C. Monday (0078419)
   *chaundra.monday@squiresanders.com*
Felix M. Czernin (0087485)
   *max.czernin@squiresanders.com*
SQUIRE SANDERS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio  44114-1304
(216) 479-8500
(216) 479-8780 (fax)

and

Keith Shumate (0056190)
*keith.shumate@squiresanders.com*
SQUIRE SANDERS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 365-2700
(614) 365-2499 (fax)

Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 18, 2012 a copy of the foregoing Notice of Removal was filed electronically and served via United States mail, addressed as follows:

> Ronald I. Frederick, Esq.
> Michael Berler, Esq.
> 1370 Ontario Street
> Suite 1240
> Cleveland, Ohio  44113

*s/Martha S. Sullivan*
One of the Attorneys for Defendant
