# EXHIBIT B

Print

Case Number: CV-12-777275
Case Title: LANEEKA A WHITE, ET AL vs. WELLS FARGO BANK NA

## Case Summary

| | |
|---|---|
| **Case Number:** | CV-12-777275 |
| **Case Title:** | LANEEKA A WHITE, ET AL vs. WELLS FARGO BANK NA |
| **Case Designation:** | COMMERCIAL DOCKET |
| **Filing Date:** | 03/02/2012 |
| **Judge:** | RICHARD J MCMONAGLE |
| **Magistrate:** | N/A |
| **Room:** | 16D JUSTICE CENTER |
| **Next Action:** | HEARING on 05/09/2012 at 11:30 AM |
| **File Location:** | PEND.FILE |
| **Last Status:** | ACTIVE |
| **Last Status Date:** | 03/02/2012 |
| **Last Disposition:** | NEWLY FILED |
| **Last Disposition Date:** | 03/02/2012 |
| **Prayer Amount:** | $.00 |

## Service

| Party Role | Name | Service | Date | Response | Date |
|---|---|---|---|---|---|
| P(1) | LANEEKA A WHITE | N/A | | | |
| P(2) | TIMOTHY REESE | N/A | | | |
| D(1) | WELLS FARGO BANK, N.A. | SUMS COMPLAINT CERTIFIED MAIL | 03/15/2012 | COMP ON OTHER | 03/19/2012 |

## Case Parties

| | | | | |
|---|---|---|---|---|
| **PLAINTIFF** | **(1)** | LANEEKA A WHITE 786 EAST 154TH STREET CLEVELAND, OH 44110-0000 | **ATTORNEY** | RONALD I FREDERICK (0063609) 1370 ONTARIO STREET SUITE 1240 CLEVELAND, OH 44113-0000 Ph: 216-502-1055 Answer Filed: N/A |
| | | | **ATTORNEY** | MICHAEL BERLER (0085728) 1370 ONTARIO ST., STE 1240 CLEVELAND, OH 44113-0000 Ph: 216-502-1055 Answer Filed: N/A |
| **PLAINTIFF** | **(2)** | TIMOTHY REESE 786 EAST 154TH STREET | **ATTORNEY** | RONALD I FREDERICK (0063609) |

|  | CLEVELAND, OH 44110-0000 | 1370 ONTARIO STREET SUITE 1240 CLEVELAND, OH 44113-0000 Ph: 216-502-1055 Answer Filed: N/A |
|---|---|---|
| ATTORNEY | | MICHAEL BERLER (0085728) 1370 ONTARIO ST., STE 1240 CLEVELAND, OH 44113-0000 Ph: 216-502-1055 Answer Filed: N/A |
| DEFENDANT(1) | WELLS FARGO BANK, N.A. TRADING AS WELLS FARGO DEALER SERVICES C/O IT STAT AGT, CSC-LAWYERS INCORPORATING SERVICE (CORPORATION SERVICE COMPANY) 50 WEST BROAD STREET COLUMBUS, OH 43215-0000 | |

Docket Information

## DOCKET INFORMATION

| Date | Side | Type | Description | Image |
|---|---|---|---|---|
| 04/16/2012 | P | OT | PLAINTIFF(S) LANEEKA A WHITE(P1) and TIMOTHY REESE(P2) STIPULATION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT. MICHAEL BERLER 0085728 | |
| 04/12/2012 | N/A | JE | HEARING SET FOR 05/09/2012 AT 11:30 AM. INITIAL COMMERCIAL DOCKET HEARING IS SET FOR 5/9/12 AT 11:30A.M. PLAINTIFFS COUNSEL TO NOTIFY DEFENDANT OF HEARING. NOTICE ISSUED | |
| 03/21/2012 | D1 | SR | CERTIFIED MAIL RECEIPT NO. 19023401 RETURNED BY U.S. MAIL DEPARTMENT 03/21/2012 WELLS FARGO BANK, N.A. MAIL RECEIVED AT ADDRESS 03/19/2012 SIGNED BY OTHER. | |
| 03/15/2012 | D1 | SR | SUMS COMPLAINT(19023401) SENT BY CERTIFIED MAIL. TO: WELLS FARGO BANK, N.A. 50 WEST BROAD STREET COLUMBUS, OH 43215-0000 | 🗎 |
| 03/07/2012 | D1 | CS | WRIT FEE | |
| 03/02/2012 | P1 | SR | COMPLAINT WITH JURY DEMAND FILED. SERVICE REQUEST - SUMMONS BY CERTIFIED MAIL TO THE DEFENDANT(S). | |
| 03/02/2012 | N/A | SF | JUDGE JOHN D SUTULA ASSIGNED (RANDOM); COMMERCIAL DOCKET CASE, REASSIGNED TO JUDGE RICHARD J MCMONAGLE (RANDOM) | |
| 03/02/2012 | N/A | SF | JUDGE JOHN D SUTULA ASSIGNED (RANDOM) | |
| 03/02/2012 | P1 | SF | LEGAL RESEARCH | |

03/02/2012 P1    SF    LEGAL NEWS

03/02/2012 P1    SF    LEGAL AID

03/02/2012 P1    SF    COMPUTER FEE

03/02/2012 P1    SF    CLERK'S FEE

03/02/2012 P1    SF    DEPOSIT AMOUNT PAID RONALD FREDERICK & ASSOCIATES CO., LPA

03/02/2012 N/A   SF    CASE FILED

### Case Cost Detail

| Account | Amount |
| --- | --- |
| CLERK'S FEES | $45.26 |
| COMPUTER FEES | $10.00 |
| LEGAL AID | $25.74 |
| LEGAL NEWS | $10.00 |
| LEGAL RESEARCH - CIVIL | $3.00 |
| TOTAL COST | $94.00 |

© PROWARE 1997-2012

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

DOCKET

2012 APR 16 2012

2012 APR 16  P 3: 47

LANEEKA A. WHITE, *et al.*

          Plaintiffs,

      v.

WELLS FARGO BANK, N.A.,
trading as Wells Fargo Dealer Services

          Defendant.

)
)
)
)
)
)
)
)
)
)
)

CASE NO. CV 12 777275

JUDGE RICHARD J. McMONAGLE

GERALD E. FUERST
CLERK OF COURTS

**STIPULATION FOR EXTENSION OF**
**TIME TO RESPOND TO COMPLAINT**

      Pursuant to Local Rule 8(C), Plaintiffs Laneeka White and Timothy Reese and Defendant

Wells Fargo Bank, N.A. hereby stipulate that Defendant shall have an extension of time to and

including May 16, 2012 within which to answer, respond or otherwise plead to Plaintiff's

Complaint.  This is Defendant's first extension of time with respect to this matter.

                Respectfully submitted,

Michael Berler (0085728)
  *mikeb@clevelandconsumerlaw.com*
Ronald I. Frederick (0063609)
  *ronf@clevelandconsumerlaw.com*
RONALD FREDERICK & ASSOCIATES
CO., L.P.A.
1370 Ontario Street, Suite 1240
Cleveland, Ohio  44113
(216) 502-1055
(216) 566-9400 (fax)

*Attorneys for Plaintiffs*
*Laneeka A. White and Timothy Reese*

Martha S. Sullivan (0064040)
  *martha.sullivan@squiresanders.com*
Chaundra C. Monday (0078419)
  *chaundra.monday@squiresanders.com*
Felix M. Czernin (0087485)
  *max.czernin@squiresanders.com*
SQUIRE SANDERS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio  44114-1304
(216) 479-8500
(216) 479-8780 (fax)

*Attorneys for Defendant*
*Wells Fargo Bank, N.A.*



MAR 2 1 2012

MCMONAGLE CV12777275D1
046-1386

1. Article Addressed to:

WELLS FARGO BANK, N.A.
TRADING AS WELLS FARGO
DEALER SERVICES C/O IT STAT
AGT, CSC-LAWYERS
INCORPORATING SERVICE
(CORPORATION SERVICE
COMPANY)
50 WEST BROAD STREET
COLUMBUS OH 43215-0000

2. Article Number
(Transfer from service label)
19023401

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X
MAR 1 9 2012
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Deanne Kessler

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:           ☐ No

3. Service Type
☒ Certified Mail

4. Restricted Delivery? (Extra Fee)   ☐ Yes

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, ZIP+4 in this box •

GERALD E FUERST
CLERK OF COURTS
1200 ONTARIO STREET
CLEVELAND OH 44113-1664

SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV12777275 | D1 CM | 19023401 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

LANEEKA A WHITE, ET AL
VS
WELLS FARGO BANK NA

**PLAINTIFF**

**DEFENDANT**

## SUMMONS

WELLS FARGO BANK, N.A.
TRADING AS WELLS FARGO DEALER
SERVICES C/O IT STAT AGT,
CSC-LAWYERS INCORPORATING SERVICE
(CORPORATION SERVICE COMPANY)
50 WEST BROAD STREET
COLUMBUS OH 43215-0000

You have been named defendant in a complaint
(copy attached hereto) filed in Cuyahoga County
Court of Common Pleas, Cuyahoga County Justice
Center, Cleveland, Ohio 44113, by the plaintiff
named herein.

You are hereby summoned and required to
answer the complaint within 28 days after service
of this summons upon you, exclusive of the day of
service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

RONALD I FREDERICK
1370 ONTARIO STREET

SUITE 1240
CLEVELAND, OH 44113-0000

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, Judgment by default will be
rendered against you for the relief demanded in the
complaint.

Case has been assigned to Judge:

RICHARD J MCMONAGLE
Do not contact judge. Judge's name is given for
attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE |
|---|
| Mar 7, 2012 |

By _____ Deputy

COMPLAINT FILED   03/02/2012



CMSN130



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

S1C / ALL
Transmittal Number: 9720137
Date Processed: 03/20/2012

| | |
|---|---|
| **Primary Contact:** | WF West - WF Bank<br>Corporation Service Company- Wilmington, DELAWARE<br>P. O. Box 591<br>Suite 400<br>Wilmington, DE 19899 |

| | |
|---|---|
| **Entity:** | Wells Fargo Bank, National Association<br>Entity ID Number  2013649 |
| **Entity Served:** | Wells Fargo Bank, N.A. trading as Wells Fargo Dealer Services |
| **Title of Action:** | Laneeka A. White vs. Wells Fargo Bank, N.A. trading as Wells Fargo Dealer Services |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Cuyahoga County Court of Common Pleas, Ohio |
| **Case/Reference No:** | CV 12 777275 |
| **Jurisdiction Served:** | Ohio |
| **Date Served on CSC:** | 03/19/2012 |
| **Answer or Appearance Due:** | 28 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Michael L. Berler<br>216-502-1055 |
| **Client Requested Information:** | Matter Management User Groups: [LITIGATION - PAYNE THOMAS, RHONDA] |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

2012 MAR -2 P 2 31

| | |
|---|---|
| LANEEKA A. WHITE<br>786 East 154th Street<br>Cleveland , OH 44110 | )<br>)<br>)    CASE NO: |
| and | ) |
| TIMOTHY REESE<br>786 East 154th Street<br>Cleveland , OH 44110 | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) |
| WELLS FARGO  BANK, N.A. trading<br>as Wells Fargo  Dealer Services<br>c/o Its Statutory Agent<br>Csc-Lawyers Incorporating Service<br>(Corporation Service Company)<br>50 West Broad Street<br>Columbus, OH 43215 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendant | )<br>) |

Complaint
RICHARD J MCMONAGI
CV 12 777275

JUDGE:

**CLASS ACTION COMPLAINT**

(Jury Demand Endorsed Herein)

NOW COME, Laneeka White and Timothy Reese (hereinafter " Plaintiffs"), on behalf of themselves and other similarly situated, by and through the undersigned counsel, and for their complaint against Wells Fargo  Bank, N.A. trading as Wells Fargo  Dealer Services (hereinafter "Wells Fargo ") herein, allege and state as follows:

**INTRODUCTION**

1.     Wells Fargo routinely finances high rate auto loans for Ohio consumers by taking assignment of Retail Installment Sales Agreements from Ohio car dealers.

2. This class action seeks equitable and monetary relief to remedy Wells Fargo's violations of the Retail Installment Sales Act ("RISA") and the Ohio Uniform Commercial Code ("O.U.C.C.") in abrogating consumers' statutory rights upon repossession of their vehicles. RISA and the O.U.C.C. form a complementary statutory scheme which mandates certain disclosures of consumer rights and requires creditors to follow specified procedures when repossessing and disposing of consumers' vehicles.

3. Upon repossession, Wells Fargo sends its borrowers' form notices which omit or expressly misstate their statutory rights.

4. As more particularly described below, Wells Fargo, sent Plaintiffs and similarly situated Ohio consumers a form entitled "Notice of Our Plan to Sell Property" (hereinafter "Notice of Sale") which stated the incorrect date for the sale of the Vehicle.

5. In addition, Wells Fargo sent Plaintiffs and similarly situated Ohio consumers, a letter that stated, notwithstanding the "Notice of Sale's" recitation of their right to redeem their vehicles and an itemization of the amounts necessary to do so, that Wells Fargo [would] "not consent to reinstatement" and that if consumers " attempt[ed] to reinstate by making timely payment . . . we will not apply the payment to your account." See Letter Refusing to Reinstate, 9/14/11.

6. Further, Wells Fargo sold the Vehicle for less than the minimum prices stated in its Notices of Sale. Thus, the sale was not commercially reasonable and in violation of R.C. §1317.12.

7. In violation of R.C. § 1317.12, it collected or attempted to collect deficiencies from borrowers which were precluded by §1317. 12 and/or 1317.16.

8. Wells Fargo, despite a contract provision providing otherwise, also added to these deficiency balances by including post-repossession collection fees.

2

9.    Collection of such fees are also prohibited under RISA, R.C. §1317.07.

10.    Plaintiffs seeks injunctive and other equitable relief, as well as an award of appropriate damages, including return of all improperly collected deficiencies pursuant to R.C. § 1317.12, compensatory and statutory damages, as provided by R.C. § 1309.625(C)(2) and (E), repair of the credit of all class members, reasonable attorney's fees, and such other and further relief as this Honorable Court deems appropriate.

## PARTIES

1.    Plaintiffs Laneeka White and Timothy Reese reside at 786 East 154th Street Cleveland, OH 44110.

2.    Plaintiffs are  "debtor[s]" and "consumer obligor[s]" as defined by R.C. §1309.102(28)(59) and are "retail buyers" as defined by R.C. 1317.01(2)(G)

3.    Defendant Wells Fargo is a foreign corporation licensed to do business in Ohio under the trade name Wells Fargo Dealer Services for the purpose providing financing for automobile lease and sales, and related financial activities, and is a secured party as defined by R.C. §1309.102(72).

## STATEMENT OF FACTS

11.    On or about October 24, 2008, Plaintiffs entered into a Retail Installment Sales Contract ("RISC") for the financing of a 2008 Chrysler Aspen purchased from Crestmont Chrysler Jeep in Beachwood, Ohio, which was assigned to Wells Fargo. *See* Exhibit 1, Retail Installment Sales Contract.

12.    On or about September 12, 2011 Wells Fargo repossessed the vehicle.

13.    On or about September 14, 2011, Wells Fargo issued a defective statutory notice, "Notice of Our Plan to Sell Property," ("Notice of Sale")  to Plaintiffs pursuant to R.C. §§

3

1317.12, 1317.16, 1309.613, and 1309.614 informing her that her vehicle had been repossessed, and that it intended to sell the vehicle at public sale. *See* Exhibit 2, Notice of Sale.

14.     On or about September 14, 2011, Wells Fargo sent Plaintiffs a statutory notice, "Notice of Intention to Dispose of Motor Vehicle" ("Redemption Notice") stating that she had the right to reinstate the contract and stating that the amount to reinstate the loan was $3,395.09. *See* Exhibit 3, Redemption Notice.

15.     The Notice of Sale indicated that the sale would be held on October 20, 2011, at 8:30 a.m. at Adesa Cleveland AA, 201 E. Twinsburg Rd, Northfield, OH 44067.

16.     In fact, the public sale took place on November 3, 2011 (despite the fact that the "Deficiency Notice" stated the car was sold on November 7, 2011). *See* Exhibit 4, Deficiency Notice).

17.     Plaintiff was never sent an additional Notice of Sale to inform her of the revised date.

18.     The "Redemption Notice" stated that Plaintiffs could get the vehicle back by paying the "Total Amount Due" in full within "15 days from the date this Notice is mailed or 20 days from the date of the repossession whichever is later." *See* Exhibit 3, Redemption Notice.

19.     On the Notice of Sale, Wells Fargo stated that the minimum bid that would be accepted for the Vehicle was $14,850. *See* Exhibit 2, Notice of Sale.

20.     In actuality, Wells Fargo sold the vehicle for an amount well below that, $9,600; the sale was not commercially reasonable. *See* Exhibit 4, Deficiency Notice.

21.     The Retail Installment Contract, which Plaintiff entered into with Crestmont, that was assigned to Wells Fargo, stated that:

> We will sell the vehicle if you do not get it back. . .We will apply the money
> from the sale, less allowed expenses, to the amount you owe. Allowed
> expenses are expenses we pay as a **direct result** of taking the vehicle,

4

holding it, preparing it for sale, and selling it. *See* Exhibit 1, RISC.

22.     Despite this contract provision, Well Fargo in its Deficiency Notice made a deduction for $1291.12 for collection fees which are not expenses "[paid] as a direct result of taking the vehicle." *See* Exhibit 4, Deficiency Notice.

23.     By charging collection fees, Wells Fargo violated RISA, R.C. §1317.07, by charging an amount not specified by this provision.

## APPLICABLE LAW

24.     The "Notice of Sale" Wells Fargo issued Plaintiffs is required by R.C. §§ 1317.12 and 1317.16. These provisions of the Ohio Revised Code, among other things, regulate the repossession and disposition of motor vehicles financed under Retail Installment Sales Agreements in Ohio. To protect consumers' valuable property interests in financed vehicles, R.C. §§ 1317.12 and 1317.16 impose strict and mandatory requirements on sellers, secured parties and holders of Retail Installment Sales Agreements, such as Wells Fargo, following a repossession.

25.     Among other obligations, R.C. § 1317.16 specifies the information that must be included in a notice of sale in order to comply with the law. R.C. § 1317.16 provides, in pertinent part, that:

> At least ten days prior to sale the secured party shall send notification of the *time and place of such sale* and of *the minimum price for which such collateral will be sold,* together with a statement that the debtor may be held liable for any deficiency resulting from such sale, by certified mail, return receipt requested, to the debtor at the debtor's last address known to the secured party, and to any persons known by the secured party to have an interest in the collateral. (Emphasis added.)

26.     A holder's failure to comply with the mandatory requirements of the Statutory Notice **precludes it from lawfully collecting any deficiency** from the borrower following disposition of the repossessed vehicle. R.C. § 1317.12 explicitly provides that:

5

...A secured party who disposes of the collateral *without sending notice required by this* section may not recover the costs of retaking possession of the collateral and *is not entitled to a deficiency judgment.* (Emphasis added.)

27.     The Notice of Sale that Wells Fargo issued to Plaintiffs following the repossession of their Vehicle was materially defective, invalid and incomplete. The Notice of Sale did not, as required by law, disclose **the correct time and date of sale.** In addition, it did not disclose the correct minimum bid amount, as the Vehicle was ultimately sold at auction for less than the minimum indicated on the Notice of Redemption.

28.     The failure to provide required information about the sale of repossessed vehicles deprives borrowers of their right to protect their substantial and valuable interests in the property by, *inter alia*, attending the sale, or sending others to bid on their property which would minimize their ultimate deficiency balance, if any.

29.     A secured party and/or an assignee's failure to comply with §§1317.12 and 1317.16 bars its rights to a deficiency balance.

30.     In addition to R.C. §§1317.12 and 1317.16, Ohio's U.C.C. provisions, R.C. §§ 1309.613 and 1309.614, also regulate the repossession and disposition of collateral by a secured party.

31.     To protect consumers' valuable property interest in financed vehicles, R.C. §§ 1309.613 and 1309.614, impose strict and mandatory notice requirements on lenders such as Wells Fargo. The O.U.C.C. required notice may be combined with the notice required by R.C. § 1317.12.

32.     Among other obligations, R.C. § 1309.613(e) specifies that the secured party must send a notice that states "the time and place, by identifying the place of business or address or by

providing other information that, in each case, reasonably describes the location of a public disposition."

33.    A secured party's failure to comply with the mandatory notice requirements of R.C. §§ 1309.613, and 1309.614, renders it liable to the borrower who financed consumer goods for statutory damages in the amount of the entire finance charge plus ten (10%) percent of the principal amount borrowed, pursuant to R.C. § 1309.625(C)(2).

34.    Further, O.U.C.C., R.C. §1309.610 states that:

> After default, a secured party may sell . . . or otherwise dispose of any or all of the collateral . . .

> (B) Every aspect of a disposition of collateral, including the method, manner, time, place, and other terms, **must be commercially reasonable**. If commercially reasonable, a secured party may dispose of collateral by public or private proceedings . . .[Emphasis Added]

35.    Wells Fargo did not did not sell the Vehicle for the minimum price specified on the Notice of Redemption.  Thus, the sale was not commercially reasonable.

36.    The Retail Installment Contract, which Plaintiff entered into with Crestmont, that was assigned to Wells Fargo, stated that:

> We will sell the vehicle if you do not get it back. . .We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a **direct result** of taking the vehicle, holding it, preparing it for sale, and selling it.

37.    Despite this contract provision, Well Fargo in its Deficiency Notice made a deduction for $1291.12 for collection fees that are not expenses "[paid as a direct result of taking the vehicle."  Thus, Wells Fargo breached its contract with Plaintiff.

38.    RISA, R.C. §1317.07 states that:

> No retail installment . . . sale shall evidence any indebtedness in excess of the time balance . . . but it may evidence in addition any agreements of the parties for the payment of delinquent charges. . . taxes, and any lawful fee actually paid out, or to be paid out, by the retail seller to any public officer for filing, recording. . .

No retail seller, directly or indirectly, shall charge, contract for, or receive from any retail buyer, **any further or other amount** for examination, service, brokerage, commission, expense, fee, or other thing of value. [Emphasis Added]

39.    Despite this provision, Wells Fargo charged collection fees, which are a "further …amount" in violation of RISA.

## CLASS ALLEGATIONS

40.    Pursuant to Civ. R. 23 of the Ohio Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves and four classes of other persons similarly situated, to remedy the on-going unlawful, unfair and/or deceptive business practices alleged herein, and to seek redress on behalf of all those persons who have been harmed thereby.

41.    The "Notice of Sale" class is defined as all persons of Ohio who:

   a.    entered into a retail installment sales agreement for the purchase of a motor vehicle;

   b.    which agreement was subsequently assigned to Wells Fargo;

   c.    in the six years preceding the filing of this lawsuit had their vehicle(s) repossessed by Wells Fargo; and

   d.    were issued a "Notice of Sale" by Wells Fargo which failed to provide **the correct public sale date for the auction of the Vehicle.**

42.    The "Redemption Notice" class is defined as all persons of Ohio who:

   a.    entered into a retail installment sales agreement for the purchase of a motor vehicle;

   b.    which agreement was subsequently assigned to Wells Fargo;

   c.    in the six years preceding the filing of this lawsuit had their vehicle(s) repossessed by Wells Fargo;

   d.    were issued a "Notice of Redemption" by Wells Fargo where the minimum bid price for the Vehicle at public auction was specified; and

   e.    the Vehicle was subsequently sold at public auction for less than the minimum bid amount disclosed in the "Notice of Redemption."

43. The "Breach of Contract" class is defined as all persons who entered into:

    a. a retail installment sales agreement for the purchase of a motor vehicle, in Ohio;

    b. which agreement was subsequently assigned to Wells Fargo;

    c. in the six years preceding the filing of this lawsuit had their vehicle(s) repossessed by Wells Fargo;

    d. where the Contract states that Ohio Law Applies;

    e. where the retail installment sales contract stated that [expenses] pa[id]as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it would be deducted from the proceeds from the public sales; and

    f. where Wells Fargo issued "Deficiency Notices" where "collection fees" were deducted from the proceeds of the sale; and/or

44. The classes are so numerous that joinder of all members would be impracticable. The exact size of the proposed classes and the identity of the members thereof, are readily ascertainable from Defendant's business records.

45. There is a community of interest among the members of the proposed classes in that there are questions of law and fact common to the proposed classes that predominate over questions affecting only individual members. These questions include, *inter alia*:

    a. whether Wells Fargo issued "Notices of Sale" to individuals whose motor vehicles were repossessed, listing **the incorrect date** for the public auction of these vehicles, in violation of RISA and the O.U.C.C.; and

    b. whether Wells Fargo issued "Redemption Notices" to individuals whose motor vehicles were repossessed, stating a minimum bid price, and then subsequently sold these vehicles at public auction for less than the minimum bid, making the sales not commercially reasonable, in violation of the RISA and the O.U.C.C.; and;

    c. whether Wells Fargo issued "Deficiency Notices" to individuals whose cars were sold at auction, where "collection fees" not pa[id]as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it were deducted from the proceeds from the public sales, in breach of its contracts with these individuals, and in violation of RISA.

9

46. Plaintiffs' claims are typical of those of the class they seek to represent, and they will fairly and adequately represent the interests of the class. Plaintiffs are represented by counsel competent and experienced in both consumer protection and class action litigation.

47. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by individual class members may be relatively small compared to the expense and burden of litigation, it would be impracticable and economically infeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual class members against defendant Wells Fargo, and would establish incompatible standards of conduct for Wells Fargo.

## FIRST CLAIM FOR RELIEF
Violation of RISA, R.C.§§1317.12/1317.16 and O.U.C.C., R.C. §§ 1309.613 and 1309.614
(Failure to Disclose Correct Date of Public Sale)

48. Plaintiffs reallege and incorporate by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

49. The Ohio Revised Code regulates automobile sales and financing transactions for motor vehicles in Ohio. The Retail Installment Sales Agreements entered into by Plaintiffs and other members of the proposed class are subject to and governed by, *inter alia,* the provisions of R.C. §§ 1317.12, and 1317.16 and O.U.C.C. R.C. §§ 1309.613 and 1309.614.

50. Wells Fargo has engaged and is engaging in ongoing material violations of the law in that the Notice of Sale it provided to Plaintiffs and members of the proposed class did not as required by R.C. 1317.12 and R.C. § 1309.613 provide **the correct time and date of sale.**

51. Wells Fargo has thus deprived Plaintiffs and other members of the proposed class of substantial rights granted to them under Ohio law, including the right to protect their valuable interests in their vehicles.

10

52.     As a result of Wells Fargo's failure to provide members of the proposed class all of the information and disclosures to which they are entitled under R.C. §§ 1317.12 and 1317.16, said class members are not liable for any deficiency following the disposition of their repossessed motor vehicles, and Wells Fargo is not entitled to recover the costs of retaking possession of the collateral. R.C. § 1317.12.

53.     As a direct and proximate result of the acts herein-above alleged and Wells Fargo's ongoing unlawful conduct, Plaintiffs and the members of the proposed class have been or will be damaged, and have suffered economic losses in an amount to be determined at trial.

54.     In addition, A secured party's failure to comply with the mandatory notice requirements of R.C. §§ 1309.613, and 1309.614, renders it liable to the borrower who financed consumer goods for statutory damages in the amount of the entire finance charge plus ten (10%) percent of the principal amount borrowed, pursuant to R.C. § 1309.625(C)(2).

## SECOND CLAIM FOR RELIEF
Violation of RISA, R.C.§ 1317.16 and O.U.C.C., R.C. §§ 1309.610
(Failure to Disclose Correct Minimum Bid and/or to Conduct a Commercially Reasonable Sale)

55.     Plaintiffs reallege and incorporate by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

56.     Wells Fargo has engaged and is engaging in ongoing material violations of the law in that the Redemption Notice it provided to Plaintiffs and members of the proposed class did not as required by R.C. 1317.16 state the correct minimum bid price at which the Vehicle would be sold at auction, and/or the Vehicle was sold for less than the minimum price stated, making the sale **not commercially reasonable** pursuant to O.U.C.C., R.C. §1309.610.

57.     Wells Fargo has thus deprived Plaintiffs and other members of the proposed class of the right to evaluate, based on the minimum bid, whether to attend the auctions and bring bidders, a right required by R.C. §1309.614.

11

58.    In addition, the sale of these Vehicles at prices below the minimum stated by Wells Fargo in its Redemption Notices resulted in higher deficiencies that Wells Fargo later sought to collect and/or sue upon.

59.    As a direct and proximate result of the acts herein-above alleged and Wells Fargo's ongoing unlawful conduct, Plaintiffs and the members of the proposed class have been or will be damaged, and have suffered economic losses in an amount to be determined at trial.

**THIRD CLAIM FOR RELIEF**
Violation of RISA, R.C.§ 1317.07
(Charging Fees Prohibited by RISA)

60.    Plaintiffs reallege and incorporate by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

61.    RISA, R.C. §1317.07 states that:

No retail installment . . . sale shall evidence any indebtedness in excess of the time balance . . . but it may evidence in addition any agreements of the parties for the payment of delinquent charges. . . taxes, and any lawful fee actually paid out, or to be paid out, by the retail seller to any public officer for filing, recording. . .

No retail seller, directly or indirectly, shall charge, contract for, or receive from any retail buyer, **any further or other amount** for examination, service, brokerage, commission, expense, fee, or other thing of value.  [Emphasis Added]

62.    Despite this provision, Wells Fargo routinely issued Deficiency Notices to Plaintiffs and members of the proposed class that  made deductions for collection fees, which constitute a "further. . .amount" in violation of RISA, R.C. §1317.07.

63.    As a direct and proximate result of the acts herein-above alleged and Wells Fargo's ongoing unlawful conduct, Plaintiffs and the members of the proposed class have been or will be damaged, and have suffered economic losses in an amount to be determined at trial.

12

## FOURTH CLAIM FOR RELIEF
### (Breach of Contract)

64.     Plaintiffs reallege and incorporate by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

65.     Wells Fargo routinely issued Deficiency Notices to Plaintiffs and members of the proposed class that  made deductions for collection fees, despite the fact that its contract specified that only expenses [paid] as a direct result of taking the vehicle would be deducted from the proceeds of a public sale.

66.     Thus, Wells Fargo breached its Retail Installment Sales Contracts with Plaintiffs and members of the proposed class.

67.     As a direct and proximate result of the acts herein-above alleged and Wells Fargo's ongoing unlawful conduct, Plaintiffs and the members of the proposed class have been or will be damaged, and have suffered economic losses in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment)

68.     Plaintiffs reallege and incorporate by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

69.     Plaintiffs contend that Wells Fargo has been unjustly enriched at the expense and to the detriment of class members by collecting monies to which it is not entitled and has wrongfully collected.

70.     Although it would be unjust for Wells Fargo to retain the monies wrongfully collected, Wells Fargo has failed or refused to refund the amounts wrongfully collected and unlawfully seeks to collect additional amounts to which it is not entitled.

13

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays for relief as follows, for:

a) an order certifying this case as a class action, and certifying the proposed class as defined herein;

b) an order finding and declaring that Wells Fargo's acts and practices as challenged herein are unlawful;

c) an order preliminarily and permanently enjoining Wells Fargo from engaging in the practices challenged herein, and from seeking to collect any alleged deficiency balances from class members;

d) an order of restitution and/or disgorgement in an amount to be determined at trial which is at least equal to all sums collected by Wells Fargo for alleged deficiency balances following the disposition of repossessed motor vehicles;

e) compensatory damages in an amount to be determined at trial, which amount is at least equal to all sums paid by Plaintiffs and proposed class members for alleged deficiency balances, including alleged costs of retaking possession, *and collection fees* following the disposition of repossessed motor vehicles;

f) statutory damages in an amount to be determined at trial, which amount is at least equal to the total amount of finance charges and ten (10%) percent of the principal amount borrowed for each and every class member;

g) an order declaring that any alleged deficiency balances of class members are not owed;

h) an order requiring Wells Fargo to remove any adverse credit information which Wells Fargo previously reported to credit reporting organizations;

i) pre-judgment interest and post-judgment interest to the extent permitted by law;

j) an award of attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action, pursuant to any applicable provisions of law; and,

k) any other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

Michael L. Berler (#0085728)
Ronald I. Frederick. (#0063609)
Ronald Frederick & Associates Co., L.P.A.
1370 Ontario Street, Suite 1240
Cleveland, OH 44113
Telephone: (216) 502-1055
Facsimile: (216) 566-9400
mikeb@clevelandconsumerlaw.com
ronf@clevelandconsumerlaw.com
*Attorneys for Plaintiffs*

## JURY TRIAL DEMANDED

Plaintiffs demand a jury trial on all issues so triable.

Michael L. Berler (#0085728)
Ronald I. Frederick. (#0063609)
Ronald Frederick & Associates Co., L.P.A.
*Attorneys for Plaintiffs*

Exhibit I

# RETAIL INSTALLMENT SALE CONTRACT
## SIMPLE FINANCE CHARGE

DEAL # 23814

Dealer Number _____    Contract Number _____

| Buyer Name and Address (including County and Zip Code) | Co-Buyer Name and Address (including County and Zip Code) | Creditor-Seller (Name and Address) |
|---|---|---|
| LANEEKA A WHITE 786 EAST 154TH STREET CLEVELAND OH 44110 CUYAHOGA COUNTY | TIMOTHY REESE 786 E 154TH STREET CLEVELAND OH 44110 CUYAHOGA COUNTY | CRESTMONT CHRYSLER JEEP LLC. 25885 CHAGRIN BLVD BEACHWOOD, OH 44122 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Vehicle Identification Number | Mileage | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2008 | CHRYSLER ASPEN | 1A8HW58N08F117433 | ☐ estimate ☒ actual | ☒ personal, family or household ☐ business ☐ agricultural ☐ _____ |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $2000.00 |
|---|---|---|---|---|
| 15.99 % | $ 13337.20 | $ 23325.20 | $ 36662.40 | $ 38662.40 |

### Your Payment Schedule Will Be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 509.20 | Monthly beginning 12/08/2008 |

Or As Follows:

| | | |
|---|---|---|
| | | |
| | | |

**Late Charge.** If payment is not received in full within __10__ days after it is due, you will pay a late charge of $ __20__ or __5__ % of each installment, whichever is __greater__.

**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

### ITEMIZATION OF AMOUNT FINANCED

1 Cash price of vehicle, accessories, and taxes ..... $ 23554.70 (1)

2 Other charges including amounts paid to others on your behalf (Seller may keep part of these amounts.):

A Government taxes not included in line 1 above ..... $ N/A

B Government license and/or registration fees
  Plates/Transfer/30day/Filing ..... $ 10.50

C Government certificate of title fees ..... $ 15.00

D Net trade-in payoff to __N/A__ ..... $ N/A

E Documentary Fee ..... $ 250.00

F Other charges (Seller must identify who is paid and describe purpose.)

to __MAX CARE MXX560N__ for __EXT WARRANTY__ ..... $ 1495.00
to __N/A__ for __N/A__ ..... $ N/A
to __N/A__ for __N/A__ ..... $ N/A
to __N/A__ for __N/A__ ..... $ N/A
to __N/A__ for __N/A__ ..... $ N/A
to __N/A__ for __N/A__ ..... $ N/A

Total other charges and amounts paid to others on your behalf ..... $ 1770.50 (2)

3 Total cash price (1 + 2) ..... $ 25325.20 (3)

4 Downpayment

Gross trade-in $ __N/A__ payoff by seller __N/A__ ..... $ N/A
= net trade-in $ __N/A__ +cash ..... $ 2000.00
+other (describe) ..... $ N/A

### Insurance

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**

**Optional Credit Insurance**

☐ Credit Life:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Disability (Buyer Only)

Premium:

Credit Life $ __N/A__
Credit Disability $ __N/A__

Insurance Company Name
__N/A__

Home Office Address
__N/A__

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 6A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

### Other Optional Insurance

☐ __N/A__

Type of Insurance _____   Term

Premium $ __N/A__

Insurance Company Name _____

Home Office Address _____

☐ __N/A__   __N/A__

Type of Insurance _____   Term

Premium $ __N/A__

Insurance Company Name __N/A__

Home Office Address __N/A__

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance

to N/A          for N/A          $          N/A          um $          N/A

Total other charges and amounts paid to others on your beh...          $  1770.50 (2)     ...rance Company Name _____ N/A

3  Total cash price (1 + 2)          $  25325.20 (3)

4  Downpayment          Home Office Address _____
   Gross trade-in $ _____ N/A          N/A
                     N/A  payoff by seller
   = net trade-in $ _____          $  2000.00          Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.
   +other (describe) _____          $  N/A
   Total downpayment = (if negative enter "0" and see line 2D above)          $  2000.00 (4)
5  Unpaid balance of cash price (3 minus 4)          $  23325.20 (5)
6  Insurance          I want the insurance checked above.
   A  Cost of optional credit insurance
      paid to the insurance company or companies          X _____
      Life _____          $  N/A          Buyer Signature          Date
      Disability _____          $  N/A
   B  Other optional insurance paid to Insurance Company or Companies          $  N/A          X _____
   Total insurance charges          $  N/A (6)          Co-Buyer Signature          Date
7  Amount financed (principal balance) (5 + 6)          $  23325.20 (7)          THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE. WITHOUT SUCH INSURANCE YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.
8  Finance charge          $  13337.20 (8)
9  Total of payments (time balance) (7+8)          $  36662.40 (9)

Amount of Security Interest Recording Fee Paid in Cash $ _____ N/A          Returned Check Charge: You agree to pay a charge not to exceed $20 if any check you give us is dishonored.

OPTION: ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before N/A _____ , Year _____ SELLER'S INITIALS _____

**Limited Right to Cancel**
☐ **If checked, a limited right to cancel applies:**
You agree that we have _____ days from the date you sign this contract to assign this contract. If we are unable to assign this contract within this time period, you or we may cancel this contract. This limited right to cancel will end at the earlier of the date we assign the contract or the end of the stated time period. **Please see the back of this contract for important terms of this limited right to cancel.** _____
          *Buyer Initials*          *Co-Buyer Initials*

**NO COOLING OFF PERIOD**
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees, if this contract is subject to the limited right to cancel described above, or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X _____ Co-Buyer Signs X _____ Reese
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See back for other important agreements.
NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.
You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X _____ Date 10-24-08  Co-Buyer Signs X _____ Reese Date 10-24-08
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____ Address _____
Seller signs  CRESTMONT CHRYSLER JEEP LLC  10-24-08  By X _____
Seller _____ Date _____ Title _____
Seller assigns its interest in this contract to  WACHOVIA DEALER SERVICES INC  (Assignee) under the terms of Seller's agreement(s) with Assignee.

Assigned without or with limited recourse          Assigned with recourse
CRESTMONT CHRYSLER JEEP LLC _____
Seller _____ By _____ Title _____          Seller _____ By _____ Title _____

LAW  Form No. 553-OH (REV. 4/08)  U.S. PATENT NO. D.480,782          CUSTOMER / TRUTH IN LENDING COPY
©2008 The Reynolds and Reynolds Company  TO ORDER www.reyrey.com  1-800-344-0996; fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

**OTHER IMPORTANT AGREEMENTS**

## 1. FINANCE CHARGE AND PAYMENTS

**a. How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

**b. How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

**c. How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

**d. You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

**e. Your right to refinance an irregular payment schedule.** An irregular payment schedule is one with payments not scheduled to be paid in substantially equal consecutive payments. If you have an irregular payment schedule and if you are buying the vehicle primarily for personal, family, or household use, you may refinance this contract without penalty. The terms of the refinancing will be no less favorable to you than the terms of this contract. This provision does not apply if we adjusted your payment schedule to your seasonal or irregular income.

## 2. YOUR OTHER PROMISES TO US

**a. If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

**b. Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

**c. Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods installed in it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.

**d. Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term

**b. You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once (accelerate). Default means:
1. You do not pay any payment on time;
2. You give false, incomplete, or misleading information on a credit application;
3. You start a proceeding in bankruptcy or one is started against you or your property; or
4. You break any agreements in this contract.

If your only default is that you did not pay a payment on time, we may accelerate this contract only if your default continues for at least 30 days. Otherwise, we may accelerate any time after you default. Our right to accelerate is subject to any right the law gives you to reinstate this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c. We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

**d. How you can get the vehicle back if we take it.** If we repossess the vehicle, in many situations, the law gives you the right to pay to get it back. We will tell you what you have to do to get the vehicle back.

**e. We will sell the vehicle if you do not get it back.** If you do not do what is required to get the vehicle back, we will sell the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

**f. What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

## 4. WARRANTIES SELLER DISCLAIMS

**Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**

This provision does not affect any warranties covering the

the contracts.

This secures payment of all you ___ on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.

**d. Insurance you must have on the vehicle.** You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. This insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as an additional insured and as loss payee. If you do not have this insurance, we may exercise our rights under this contract, or if we choose, buy physical damage insurance covering our interest in the vehicle. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e. What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

---

**3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

**a. You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

---

**5. Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

---

**6. Applicable Law**

Federal law and the law of the state of our address shown on the front of this contract apply to this contract.

---

**Limited Right to Cancel**

a. We agree to deliver the vehicle to you on the date this contract is signed by us and you. You understand that it may take a few days for us to verify your credit and assign this contract. You agree that we have the number of days stated on the front of this contract to assign this contract. If we are unable to assign this contract within this period of time to any one of the financial institutions with whom we regularly do business, you or we may cancel this contract. This limited right to cancel will end at the earlier of the date we assign the contract or the end of the stated time period.

b. We will notify you if we cannot assign this contract and if we elect to cancel this contract. Upon receipt of such notice, you must comply with "Buyer's Obligations" described below and we must give back to you all consideration we have received in accordance with the terms of the Buyers Order.

c. Buyer's Obligations: If we do not assign the contract within the time described above, and you or we cancel this contract as provided above, you must return the vehicle to us immediately in the same condition as when sold, reasonable wear and tear excepted. You agree to pay us the cost of repairing any damage occurring to the vehicle while it is in your possession and to hold us harmless from any expenses, costs and fees arising out of any act pertaining to the operation of the vehicle while it is in your possession. If the vehicle is immobilized or impounded while in your possession, you agree to do whatever is necessary to ensure the vehicle's return to us. If you do not return the vehicle immediately, you will be liable for all expenses incurred by us in taking the vehicle from you. If you fail to return the vehicle, we may use any legal means to take it back.

d. While the vehicle is in your possession, all terms of this contract, including those relating to use of the vehicle and insurance for the vehicle, are in full force and you assume all risk of loss or damage to the vehicle.

e. Nothing in this section gives you the right to cancel this contract for reasons unrelated to our assignment of this contract.

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

Form No. 553-OH 4/08

Exhibit 2

09/28/2011  14:36                                                                    P.008/021

REINSTATEMENTS E2578-021
Wells Fargo Bank, N.A. DBA Wells Fargo Dealer Services
P.O. Box 3659, Rancho Cucamonga, CA 91729
(Name and address of secured party)

9/14/2011
(Date)

## Notice of Our Plan to Sell Property (Consumer Goods)

Name:        LANEEKA A WHITE                        TIMOTHY REESE
                              (Name and address of any obligor who is also a debtor)
Address:     786 E 154TH ST                         786 E 154TH ST
             CLEVELAND OH 44110                     CLEVELAND OH 44110
Subject:     Account Number: 7850092260
                              (Identification of transaction)

We have your 2008 CHRYSLER ASPEN 1A8HW58N08F117433 because you broke promises in our agreement.

(FOR A PUBLIC DISPOSITION:)
We will sell 2008 CHRYSLER ASPEN 1A8HW58N08F117433 at public sale at a minimum bid of 14850.00. A sale could include a lease or license. The sale will be held as follows:

                                                              ADESA CLEVELAND AA
              THURSDAY                                         210 E TWINSBURG RD
Day and Date: 10-20-11        Time:  8:30AM        Place:     NORTHFIELD, OH 44067
                    You may attend the sale and bring bidders if you want.

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference (unless, you are entitled to protection under the United States Bankruptcy Code). If we get more money than you owe, you will get the extra money unless we must pay it to someone else.

You can get the property back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses. To learn the exact amount you must pay, call us at 888-937-9992.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at 888-937-9992 (or write us at REINSTATEMENTS E2578-021, Wells Fargo Dealer Services, P.O. Box 3659, Rancho Cucamonga, CA 91729) and request a written explanation.

If you need more information about the sale, call us at 888-937-9992 or write us at REINSTATEMENTS E2578-021, Wells Fargo Dealer Services, P.O. Box 3659, Rancho Cucamonga, CA 91729.

We are sending this notice to the following other people who have an interest in 2008 CHRYSLER ASPEN 1A8HW58N08F117433 or who owe money under your agreement:

                              (Names of all other debtors and obligors, if any)

NOTICE: If you are entitled to protection under the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this notice, the following applies to you: This communication is made for informational purposes only and we will not attempt to collect, assess or recover a claim in violation of the Bankruptcy Code.

CF/OH-10 (07/08/11)     Copy 1 – Borrower     Copy 2 - Co-Borrower     Copy 3 - Third Party     Copy 4 – File     HC#59151 v1

Exhibit 3

09/28/2011  14:37                                                                                      P.009/021

Wells Fargo Dealer Services



Date Mailed   9/14/2011
Account Number   7850092260

## Notice of Intention to Dispose of Motor Vehicle

| Buyer's / Debtor's Name and Address | Co-Buyer's / Guarantor's Name and Address | | |
|---|---|---|---|
| LANEEKA A WHITE<br>786 E 154TH ST<br>CLEVELAND OH 44110 | TIMOTHY REESE<br>786 E 154TH ST<br>CLEVELAND OH 44110 | | |
| Year | Make | Model | Vehicle Identification |
| 2008 | CHRYSLER | ASPEN | 1A8HW58N08F117433 |

As a result of your default under the terms of your Contract/Security Agreement, on the 12TH day of SEPTEMBER, 2011, we obtained possession of the motor vehicle described above either by Repossession or voluntary surrender.

### REDEMPTION / HOW TO GET THE COLLATERAL BACK

You have the right to reinstate this default until the date shown below as "Last Date For Payment." If you remit the payment on or before this date, you may continue with the contract as though there had been no default. You may redeem the collateral by paying the amount shown as "Total Amount Due." If you do not remit the payment by the "Last Date For Payment," we may exercise our rights against you as applicable under state law. Any payment should be directed to Wells Fargo Bank, N.A. DBA Wells Fargo Dealer Services at the address shown at the bottom of this Notice.

10-04-11 Is the Last Date for Payment
(15 days from the date this Notice is mailed or 20 days from the date of the repossession whichever is later)

Payment is due for the months of 05-23-11, THRU, 08-23-11

| | | | |
|---|---|---|---|
| Total amount of overdue payments | | $ | 2025.20 |
| Accrued Delinquency and Deferral | | $ | 326.49 |
| Total Repossession Charges Assessed (est) | | $ | |
| Required Minimum Repossession Payment (est) | | $ | 25.00 |
| Performance Deposit | 2 x 509.20 | $ | 1018.40 |
| Total Amount Due | | $ | 3395.09 |

This notice is not an attempt to collect a debt that may be subject to U.S. Bankruptcy Laws. State law requires that we deliver this notice to all parties on the contract to reinstate or redeem the vehicle, if you so desire.

The difference between the Total Repossession Charges Assessed and your Required Minimum Repossession Payment of $25.00 will be added to your unpaid balance.

If you default again on this obligation, we may exercise our rights without sending you advance notice. Questions regarding this Notice should be directed to Wells Fargo Dealer Services at the address or phone number listed below.

By:

**REINSTATEMENTS E2578-021, Wells Fargo Dealer Services**
**P.O. Box 3659, Rancho Cucamonga, CA 91729**
Wells Fargo Dealer Services

Telephone:   888-937-9992

**REINSTATEMENTS E2578-021, Wells Fargo Dealer Services**
**P.O. Box 3659, Rancho Cucamonga, CA 91729**
(Address where payment should be mailed to redeem)

8600 STERNS RD OLMSTEAD TWNSHP, OH 44138
(Address and location where repossessed property will be delivered upon such redemption.)

NOTICE: If you are entitled to protection under the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this notice, the following applies to you: This communication is made for informational purposes only and we will not attempt to collect, assess or recover a claim in violation of the Bankruptcy Code.

OF/OH-07 (07/08/11)        Copy 1 — Borrower        Copy 2 - Co-Borrower        Copy 3 - Third Party        Copy 4 — File

Exhibit 4

11/18/2011 13:06 (FA) P.002/003

001055

Wells Fargo Dealer Services



**Notice of Sale of Repossessed Property and Explanation of the Calculation of Surplus or Deficiency**



00052B XNLW4318
TIMOTHY REESE
786 E 154TH ST
CLEVELAND OH 44110

Date of Notice: 11/13/2011

Account Number: 7850092260

Dear TIMOTHY REESE:

Please be advised that the collateral listed below, which was previously repossessed by Wells Fargo Dealer Services was sold on 11/07/2011. This letter explains how we calculated the amount that will be refunded to you ("surplus") or the amount you will still owe ("deficiency"). We are sending this notice to all individuals who were listed on the contract/loan agreement. Please see the reverse side of this letter for the explanation of the calculation of surplus or deficiency.

Description of Collateral
Year: 2008
Make: CHRYSLER
Model: ASPEN-V8
Identification Number: 1A8HW58N08F117433

Future debits, credits, or other charges may affect the amount of your surplus or deficiency. In addition, the purchaser of the collateral may discover damage not evident at the time of sale and may require us to arbitrate the dispute resulting in an increase in the amount you owe us. In that event, you will receive another notice that calculates the amount you owe.

If you would like additional information about this notice, please call us at 1-800-752-8533 or write to us at:
    Wells Fargo Dealer Services
    P.O. Box 6700
    Rancho Cucamonga, CA 91729

Sincerely,

Wells Fargo Dealer Services

THE PURPOSE OF THIS LETTER IS TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Wells Fargo Dealer Services is a division of Wells Fargo Bank, N.A. Member FDIC and Equal Credit Opportunity Lender.
© 2011 Wells Fargo Bank, N.A. All rights reserved.                    0000 001025

11/18/2011  13:06

P.003/003

001064

Explanation of the Calculation of Surplus or Deficiency:

| | |
|---|---|
| Account Balance as of 10/06/2011: | $17,732.58 |
| Less: Collateral Sale Amount | $9,600.00- |
| Balance after Deducting Sales Proceeds | $8,132.58 |
| Add known expenses charged to your account: | |
| Legal fees (fees and costs related to sale and disposition of collateral) | $0.00 |
| Collection fees | |
| Locator fees | $1,291.12 |
| Storage fees | $0.00 |
| Impound fees | $0.00 |
| Auction fees | $130.00 |
| Agent fees | $74.00 |
| Repair fees | $180.00 |
| Transportation fees | $950.00 |
| Insurance claim fees | $0.00 |
| Title and/or registration fees | $80.00 |
| Subtract known credits to your account: | |
| Less: Unearned Credit Service or Interest Rebate | $0.00 |
| Less: Collateral Protection Insurance Rebate | $0.00 |
| Less: Credit Life and/or Disability Insurance Rebate | $0.00 |
| Miscellaneous adjustment(s) | $593.00- |
| Amount of deficiency | $10,244.70 |
| Less: Amount paid to subordinated secured party | $0.00 |
| Total deficiency | $10,244.70 |