IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LANEEKA A. WHITE, *et al.* | ) | CASE: 12-CV-00943 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | **<u>FIRST AMENDED CLASS ACTION</u>** |
| | ) | **<u>COMPLAINT</u>** |
| WELLS FARGO BANK, N.A. | ) | |
| Trading as Wells Fargo Dealer Services | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

NOW COME, Laneeka White and Timothy Reese (hereinafter " Plaintiffs"), on behalf of

themselves and other similarly situated, by and through the undersigned counsel, with leave of

court , and for their First Amended Class Action Complaint against Wells Fargo  Bank, N.A.

trading as Wells Fargo  Dealer Services (hereinafter  "Wells Fargo ") herein, allege and state as

follows:

<u>**INTRODUCTION**</u>

1.      Wells Fargo routinely finances high rate auto loans for Ohio consumers by taking

assignment of Retail Installment Sales Agreements from Ohio car dealers.

2.      This class action seeks equitable and monetary relief to remedy Wells Fargo's

violations of the Retail Installment Sales Act ("RISA") and the Ohio Uniform Commercial Code

("O.U.C.C.") in abrogating consumers' statutory rights upon repossession of their vehicles.

RISA and the O.U.C.C. form a complementary statutory scheme which mandates certain

disclosures of consumer rights and requires creditors to follow specified procedures when

repossessing and disposing of consumers' vehicles.

3.      Upon repossession, Wells Fargo sends its borrowers' form notices which omit or expressly misstate their statutory rights.

4.      As more particularly described below, Wells Fargo, sent Plaintiffs and similarly situated Ohio consumers a form entitled "Notice of Our Plan to Sell Property" (hereinafter "Notice of Sale") which stated the incorrect date for the sale of the Vehicle.

5.      In addition, Wells Fargo sent Plaintiffs and similarly situated Ohio consumers,  a form entitled "Notice of Intention to Dispose of Motor Vehicle" (hereinafter "Redemption Notice"), informing them of their right to redeem their vehicles and an itemization of the amounts necessary to do so.

6.      Notwithstanding the "Redemption Notices'" recitation of their right to redeem their vehicles, Wells Fargo sent Plaintiffs and similarly situated Ohio consumers letters stating that Wells Fargo [would] "not consent to reinstatement" and that if consumers " attempt[ed] to reinstate by making timely payment . . . we will not apply the payment to your account."

7.      Further, Wells Fargo sold the Vehicle for less than the minimum prices stated in its Notices of Sale. Thus, the sale was not commercially reasonable and in violation of R.C. §1317.12.

8.      In violation of R.C. § 1317.12, it collected or attempted to collect deficiencies from borrowers which were precluded by §1317. 12 and/or 1317.16.

9.      Wells Fargo, despite a contract provision providing otherwise, also added to these deficiency balances by including post-repossession collection fees.

10.      Collection of such fees are also prohibited under RISA, R.C. §1317.07.

11.      Plaintiffs seeks injunctive and other equitable relief, as well as an award of appropriate damages, including return of all improperly collected deficiencies pursuant to R.C. § 1317.12, compensatory and statutory damages, as provided by R.C. § 1309.625(C)(2) and (E),

repair of the credit of all class members, reasonable attorney's fees, and such other and further relief as this Honorable Court deems appropriate.

### PARTIES

1. Plaintiffs Laneeka White and Timothy Reese reside at 786 East 154th Street Cleveland, OH 44110.

2. Plaintiffs are  "debtor[s]" and "consumer obligor[s]" as defined by R.C. §1309.102(28)(59) and are "retail buyers" as defined by R.C. 1317.01(2)(G)

3. Defendant Wells Fargo is a foreign corporation licensed to do business in Ohio under the trade name Wells Fargo Dealer Services for the purpose providing financing for automobile lease and sales, and related financial activities, and is a secured party as defined by R.C. §1309.102(72).

### STATEMENT OF FACTS

12. On or about October 24, 2008, Plaintiffs entered into a Retail Installment Sales Contract ("RISC") for the financing of a 2008 Chrysler Aspen purchased from Crestmont Chrysler Jeep in Beachwood, Ohio, which was assigned to Wells Fargo. *See* Exhibit 1, Retail Installment Sales Contract.

13. On or about September 12, 2011 Wells Fargo repossessed the vehicle.

14. On or about September 14, 2011, Wells Fargo issued a defective statutory notice, "Notice of Our Plan to Sell Property," ("Notice of Sale")  to Plaintiffs pursuant to R.C. §§ 1317.12, 1317.16, 1309.613, and 1309.614 informing her that her vehicle had been repossessed, and that it intended to sell the vehicle at public sale. *See* Exhibit 2, Notice of Sale.

15. On or about September 14, 2011, Wells Fargo sent Plaintiffs a statutory notice, "Notice of Intention to Dispose of Motor Vehicle" ("Redemption Notice") stating that she had

the right to reinstate the contract and stating that the amount to reinstate the loan was $3,395.09. *See* Exhibit 3, Redemption Notice.

16.     The Notice of Sale indicated that the sale would be held on October 20, 2011, at 8:30 a.m. at Adesa Cleveland AA, 201 E. Twinsburg Rd, Northfield, OH 44067.

17.     In fact, the public sale took place on November 3, 2011 (despite the fact that the "Deficiency Notice" stated the car was sold on November 7, 2011). *See* Exhibit 4, Deficiency Notice).

18.     Plaintiff was never sent an additional Notice of Sale to inform her of the revised date.

19.     The "Redemption Notice" stated that Plaintiffs could get the vehicle back by paying the "Total Amount Due" in full within "15 days from the date this Notice is mailed or 20 days from the date of the repossession whichever is later."  *See* Exhibit 3, Redemption Notice.

20.     On the Notice of Sale, Wells Fargo stated that the minimum bid that would be accepted for the Vehicle was $14,850.  *See* Exhibit 2, Notice of Sale.

21.     In actuality, Wells Fargo sold the vehicle for an amount well below that, $9,600; the sale was not commercially reasonable. *See* Exhibit 4, Deficiency Notice.

22.     The Retail Installment Contract, which Plaintiff entered into with Crestmont, that was assigned to Wells Fargo, stated that:

> We will sell the vehicle if you do not get it back. . .We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a **direct result** of taking the vehicle, holding it, preparing it for sale, and selling it.  *See* Exhibit 1, RISC.

23.     Despite this contract provision, Well Fargo in its Deficiency Notice made a deduction for $1291.12 for collection fees which are not expenses "[paid] as a direct result of taking the vehicle."  *See* Exhibit 4, Deficiency Notice.

24.     By charging collection fees, Wells Fargo violated RISA, R.C. §1317.07, by charging an amount not specified by this provision.

## APPLICABLE LAW

25.     The "Notice of Sale" Wells Fargo issued Plaintiffs is required by R.C. §§ 1317.12 and 1317.16.  These provisions of the Ohio Revised Code, among other things, regulate the repossession and disposition of motor vehicles financed under Retail Installment Sales Agreements in Ohio.  To protect consumers' valuable property interests in financed vehicles, R.C. §§ 1317.12 and 1317.16 impose strict and mandatory requirements on sellers, secured parties and holders of Retail Installment Sales Agreements, such as Wells Fargo, following a repossession.

26.     Among other obligations, R.C. § 1317.16 specifies the information that must be included in a notice of sale in order to comply with the law.  R.C. § 1317.16 provides, in pertinent part, that:

> At least ten days prior to sale the secured party shall send notification of the *time and place of such sale* and of *the minimum price for which such collateral will be sold*, together with a statement that the debtor may be held liable for any deficiency resulting from such sale, by certified mail, return receipt requested, to the debtor at the debtor's last address known to the secured party, and to any persons known by the secured party to have an interest in the collateral. (Emphasis added.)

27.     A holder's failure to comply with the mandatory requirements of the Statutory Notice **precludes it from lawfully collecting any deficiency** from the borrower following disposition of the repossessed vehicle.  R.C. § 1317.12 explicitly provides that:

> …A  secured party who disposes of the collateral *without sending notice required by this* section may not recover the costs of retaking possession of the collateral and *is not entitled to a deficiency judgment.* (Emphasis added.)

5

28.     The Notice of Sale that Wells Fargo issued to Plaintiffs following the repossession of their Vehicle was materially defective, invalid and incomplete.  The Notice of Sale did not, as required by law, disclose **the correct time and date of sale.**  In addition, it did not disclose the correct minimum bid amount, as the Vehicle was ultimately sold at auction for less than the minimum indicated on the Notice of Sale.

29.      The failure to provide required information about the sale of repossessed vehicles deprives borrowers of their right to protect their substantial and valuable interests in the property by, *inter alia*, attending the sale, or sending others to bid on their property which would minimize their ultimate deficiency balance, if any.

30.     A secured party and/or an assignee's failure to comply with §§1317.12 and 1317.16 bars its rights to a deficiency balance.

31.     In addition to R.C. §§1317.12 and 1317.16, Ohio's U.C.C. provisions, R.C. §§ 1309.613 and 1309.614, also regulate the repossession and disposition of collateral by a secured party.

32.     To protect consumers' valuable property interest in financed vehicles, R.C. §§ 1309.613 and 1309.614, impose strict and mandatory notice requirements on lenders such as Wells Fargo.  The O.U.C.C. required notice may be combined with the notice required by R.C. § 1317.12.

33.     Among other obligations, R.C. § 1309.613(e) specifies that the secured party must send a notice that states "the time and place, by identifying the place of business or address or by providing other information that, in each case, reasonably describes the location of a public disposition."

34.     A secured party's failure to comply with the mandatory notice requirements of R.C. §§ 1309.613, and 1309.614, renders it liable to the borrower who financed consumer goods

6

for statutory damages in the amount of the entire finance charge plus ten (10%) percent of the

principal amount borrowed, pursuant to R.C. § 1309.625(C)(2).

35. Further, O.U.C.C., R.C. §1309.610 states that:

> After default, a secured party may sell . . . or otherwise dispose of any or all of
> the collateral . . .
>
> (B) Every aspect of a disposition of collateral, including the method, manner,
> time, place, and other terms, **must be commercially reasonable**. If
> commercially reasonable, a secured party may dispose of collateral by public or
> private proceedings . . .[Emphasis Added]

36. Wells Fargo did not did not sell the Vehicle for the minimum price specified on

the Notice of Sale. Thus, the sale was not commercially reasonable.

37. The Retail Installment Contract, which Plaintiff entered into with Crestmont, that

was assigned to Wells Fargo, stated that:

> We will sell the vehicle if you do not get it back. . .We will apply the money
> from the sale, less allowed expenses, to the amount you owe. Allowed
> expenses are expenses we pay as a **direct result** of taking the vehicle,
> holding it, preparing it for sale, and selling it.

38. Despite this contract provision, Well Fargo in its Deficiency Notice made a

deduction for $1291.12 for collection fees that are not expenses "[paid as a direct result of taking

the vehicle." Thus, Wells Fargo breached its contract with Plaintiff.

39. RISA, R.C. §1317.07 states that:

> No retail installment . . . sale shall evidence any indebtedness in excess of the
> time balance . . . but it may evidence in addition any agreements of the parties for
> the payment of delinquent charges. . . taxes, and any lawful fee actually paid out,
> or to be paid out, by the retail seller to any public officer for filing, recording. . .
>
> No retail seller, directly or indirectly, shall charge, contract for, or receive from
> any retail buyer **any further or other amount** for examination, service,
> brokerage, commission, expense, fee, or other thing of value. [Emphasis Added]

40. Despite this provision, Wells Fargo charged collection fees, which are a "further

...amount" in violation of RISA.

7

## CLASS ALLEGATIONS

41.    Pursuant to Civ. R. 23 of the Ohio Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves and three classes of other persons similarly situated, to remedy the on-going unlawful, unfair and/or deceptive business practices alleged herein, and to seek redress on behalf of all those persons who have been harmed thereby.

42.    The "Sale Date" class is defined as all persons of Ohio who:

    a.   entered into a retail installment sales agreement for the purchase of a motor vehicle;

    b.   which agreement was subsequently assigned to Wells Fargo;

    c.   in the six years preceding the filing of this lawsuit  had their vehicle(s) repossessed by Wells Fargo; and

    d.   were issued a "Notice of Sale" by Wells Fargo which failed to provide **the correct public sale date for the auction of the Vehicle.**

43.    The "Bid Price" class is defined as all persons of Ohio who:

    a.   entered into a retail installment sales agreement for the purchase of a motor vehicle;

    b.   which agreement was subsequently assigned to Wells Fargo;

    c.   in the six years preceding the filing of this lawsuit  had their vehicle(s) repossessed by Wells Fargo;

    d.   were issued a "Notice of Sale" by Wells Fargo where the minimum bid price for the Vehicle at public auction was specified; and

    e.   the Vehicle was subsequently sold at public auction for less than the minimum bid amount disclosed in the "Notice of Sale."

44.    The "Breach of Contract" class is defined as all persons who entered into:

    a.   a retail installment sales agreement for the purchase of a motor vehicle, in Ohio;

    b.   which agreement was subsequently assigned to Wells Fargo;

    c.   in the six years  preceding the filing of this lawsuit  had their vehicle(s) repossessed by Wells Fargo;

     d.  where the Contract states that Ohio Law Applies;

     e.  where the retail installment sales contract stated that [expenses] pa[id]as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it would be deducted from the proceeds from the public sales; and

     f.  where Wells Fargo issued "Deficiency Notices" where "collection fees" were deducted from the proceeds of the sale; and/or

45.    The classes are so numerous that joinder of all members would be impracticable. The exact size of the proposed classes and the identity of the members thereof, are readily ascertainable from Defendant's business records.

46.    There is a community of interest among the members of the proposed classes in that there are questions of law and fact common to the proposed classes that predominate over questions affecting only individual members.  These questions include, *inter alia*:

     a.  whether Wells Fargo issued "Notices of Sale" to individuals whose motor vehicles were repossessed,  listing **the incorrect date** for the public auction of these vehicles, in violation of  RISA and the O.U.C.C.; and

     b.  whether Wells Fargo issued "Notices of Sale" to individuals whose motor vehicles were repossessed**, stating a minimum bid price, and then subsequently sold these vehicles at public auction for less than the minimum bid**, making the sales not commercially reasonable,  in violation of the RISA and the O.U.C.C.; and;

     c.  whether Wells Fargo issued "Deficiency Notices" to individuals whose cars were sold at auction, **where "collection fees" not pa[id]as a direct result of taking the vehicle**, holding it, preparing it for sale, and selling it were deducted from the proceeds from the public sales, in breach of its contracts with these individuals, and in violation of RISA.

47.    Plaintiffs' claims are typical of those of the class they seek to represent, and they will fairly and adequately represent the interests of the class.  Plaintiffs are represented by counsel competent and experienced in both consumer protection and class action litigation.

48.    A class action is superior to other methods for the fair and efficient adjudication of this controversy.  Because the damages suffered by individual class members may be

relatively small compared to the expense and burden of litigation, it would be impracticable and economically infeasible for class members to seek redress individually.  The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual class members against defendant Wells Fargo, and would establish incompatible standards of conduct for Wells Fargo.

### FIRST CLAIM FOR RELIEF
Violation of RISA, R.C.§§1317.12/1317.16 and O.U.C.C., R.C. §§ 1309.613 and 1309.614
(Failure to Disclose Correct Date of Public Sale)

49.     Plaintiffs reallege and incorporate by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

50.     The Ohio Revised Code regulates automobile sales and financing transactions for motor vehicles in Ohio.  The Retail Installment Sales Agreements entered into by Plaintiffs  and other members of the proposed class are subject to and governed by, *inter alia,* the provisions of R.C. §§ 1317.12, and 1317.16 and O.U.C.C. R.C. §§ 1309.613 and 1309.614.

51.     Wells Fargo has engaged and is engaging in ongoing material violations of the law in that the Notice of Sale it provided to Plaintiffs and members of the proposed class did not as required by R.C. 1317.12 and R.C. § 1309.613 provide  **the correct time and date of sale.**

52.     Wells Fargo has thus deprived Plaintiffs and other members of the proposed class of substantial rights granted to them under Ohio law, including the right to protect their valuable interests in their vehicles.

53.     As a result of Wells Fargo's failure to provide members of the proposed class all of the information and disclosures to which they are entitled under R.C. §§ 1317.12 and 1317.16, said class members are not liable for any deficiency following the disposition of their repossessed motor vehicles, and Wells Fargo is not entitled to recover the costs of retaking possession of the collateral. R.C. § 1317.12.

10

54.     As a direct and proximate result of the acts herein-above alleged and Wells

Fargo's ongoing unlawful conduct, Plaintiffs and the members of the proposed class have been

or will be damaged, and have suffered economic losses in an amount to be determined at trial.

55.     In addition, A secured party's failure to comply with the mandatory notice

requirements of R.C. §§ 1309.613, and 1309.614, renders it liable to the borrower who financed

consumer goods for statutory damages in the amount of the entire finance charge plus ten (10%)

percent of the principal amount borrowed, pursuant to R.C. § 1309.625(C)(2).

## SECOND CLAIM FOR RELIEF
Violation of RISA, R.C.§ 1317.16 and O.U.C.C., R.C. §§ 1309.610
(Failure to Disclose Correct Minimum Bid and/or to Conduct a Commercially Reasonable Sale)

56.      Plaintiffs reallege and incorporate by reference the allegations contained in each

of the preceding paragraphs as though expressly restated herein.

57.     Wells Fargo has engaged and is engaging in ongoing material violations of the

law in that the Notice of Sale it provided to Plaintiffs and members of the proposed class did not

as required by R.C. 1317.16 state the correct minimum bid price at which the Vehicle would be

sold at auction, and/or the Vehicle was sold for less than the minimum price stated, making the

sale **not commercially reasonable** pursuant to O.U.C.C., R.C. §1309.610.

58.     Wells Fargo has thus deprived Plaintiffs and other members of the proposed class

of the right to evaluate, based on the minimum bid, whether to attend the auctions and bring

bidders, a right required by R.C. §1309.614.

59.     In addition, the sale of these Vehicles at prices below the minimum stated by

Wells Fargo in its Notices of Sale resulted in higher deficiencies that Wells Fargo later sought to

collect and/or sue upon.

60.     As a direct and proximate result of the acts herein-above alleged and Wells Fargo's ongoing unlawful conduct, Plaintiffs and the members of the proposed class have been or will be damaged, and have suffered economic losses in an amount to be determined at trial.

**THIRD CLAIM FOR RELIEF**
Violation of RISA, R.C.§ 1317.07
(Charging Fees Prohibited by RISA)

61.     Plaintiffs reallege and incorporate by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

62.     RISA, R.C. §1317.07 states that:

No retail installment . . . sale shall evidence any indebtedness in excess of the time balance . . . but it may evidence in addition any agreements of the parties for the payment of delinquent charges. . . taxes, and any lawful fee actually paid out, or to be paid out, by the retail seller to any public officer for filing, recording. . .

No retail seller, directly or indirectly, shall charge, contract for, or receive from any retail buyer, **any further or other amount** for examination, service, brokerage, commission, expense, fee, or other thing of value.  [Emphasis Added]

63.     Despite this provision, Wells Fargo routinely issued Deficiency Notices to Plaintiffs and members of the proposed class that  made deductions for collection fees, which constitute a "further. . .amount" in violation of RISA, R.C. §1317.07.

64.     As a direct and proximate result of the acts herein-above alleged and Wells Fargo's ongoing unlawful conduct, Plaintiffs and the members of the proposed class have been or will be damaged, and have suffered economic losses in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF**
(Breach of Contract)

65.     Plaintiffs reallege and incorporate by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

66.     Wells Fargo routinely issued Deficiency Notices to Plaintiffs and members of the proposed class that made deductions for collection fees, despite the fact that its contract specified

12

that only expenses [paid] as a direct result of taking the vehicle would be deducted from the proceeds of a public sale.

67.     Thus, Wells Fargo breached its Retail Installment Sales Contracts with Plaintiffs and members of the proposed class.

68.     As a direct and proximate result of the acts herein-above alleged and Wells Fargo's ongoing unlawful conduct, Plaintiffs and the members of the proposed class have been or will be damaged, and have suffered economic losses in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays for relief as follows, for:

a)   an order certifying this case as a class action, and certifying the proposed class as defined herein;

b)   an order finding and declaring that Wells Fargo's acts and practices as challenged herein are unlawful;

c)   an order preliminarily and permanently enjoining Wells Fargo from engaging in the practices challenged herein, and from seeking to collect any alleged deficiency balances from class members;

d)   an order of restitution and/or disgorgement in an amount to be determined at trial which is at least equal to all sums collected by Wells Fargo for alleged deficiency balances following the disposition of repossessed motor vehicles;

e)   compensatory damages in an amount to be determined at trial, which amount is at least equal to all sums paid by Plaintiffs and proposed class members for alleged deficiency balances, including alleged costs of retaking possession, *and collection fees* following the disposition of repossessed motor vehicles;

f)   statutory damages in an amount to be determined at trial, which amount is at least equal to the total amount of finance charges and ten (10%) percent of the principal amount borrowed for each and every class member;

g)   an order declaring that any alleged deficiency balances of class members are not owed;

h)  an order requiring Wells Fargo to remove any adverse credit information which Wells Fargo previously reported to credit reporting organizations;

i)  pre-judgment interest and post-judgment interest to the extent permitted by law;

j)  an award of attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action, pursuant to any applicable provisions of law; and,

k)  any other and further relief as this Honorable Court deems just and proper.


Respectfully submitted,

*/s/ Ronald I Frederick*
Ronald I. Frederick (#0063609)
Ronald Frederick & Associates Co., LPA
1370 Ontario Street, Suite 1240
Cleveland, Ohio  44113
(216) 502-1055
(216) 566-9400 (fax)
Ronf@ClevelandConsumerLaw.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on a copy of the foregoing *First Amended Class Action Complaint* was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Ronald I. Frederick* 
RONALD I. FREDERICK #0063609 
*Attorney for Plaintiffs*