## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into this ____ day of January, 2014, by and between the named Plaintiffs, Laneeka A. White and Timothy Reese, individually and as representatives of the "Settlement Class" (as defined herein), on the one hand, and Wells Fargo Bank, N.A ("Wells Fargo") on the other hand. This Agreement, together with its Exhibits, is intended by the parties to fully, finally, and forever resolve, discharge, and settle the claims released through the settlement set forth herein.

I.    Definitions.

   A.  As used in this Agreement, capitalized terms have the meanings specified below:

   1.  "Action" means and refers to the matter entitled *Laneeka White v. Wells Fargo Bank, N.A.* Case No. 12-CV-00943, pending in the United States District Court for the Northern District of Ohio.

   2.  "Wells Fargo" means Wells Fargo Bank, N.A. and the Released Parties.

   3.  "Class Counsel" means Ronald I. Frederick, Ohio Bar No. 0062609, and any attorneys employed by or associated with Ronald Frederick & Associates Co., LPA, 1370 Ontario Street, Suite 1240, Cleveland, Ohio 44113.

   4.  "Class List" means the list of persons identified by Wells Fargo whose vehicle was repossessed by Wells Fargo between March 2, 2006 and November 1, 2013.

   5.  "Class Notice" means the Full Class Notice and Publication Notice.

   6.  "Court" means the United States District Court for the Northern District of Ohio.

   7.  "Deficiency Payment" means a payment by a Minimum Bid Class Member or a Notice Class Member to Wells Fargo following the sale of a repossessed vehicle.

   8.  "Effective Date" means the date fourteen (14) days after the last of the following conditions have occurred: (a) this Agreement has been signed by the two named Plaintiffs, Class Counsel, Wells Fargo, and Wells Fargo's counsel; (b) orders have been journalized by the Court conditionally certifying the Settlement Class, granting preliminary approval of the settlement, and approving the Class Notice; (c) the Court-approved Class Notice has been duly provided as ordered by the Court; (d) Wells Fargo has not elected to withdraw from or terminate the settlement in accordance with the terms of this Agreement; (e) the Court has journalized a final order approving the settlement; (f) the Court has journalized a final order with respect to any attorneys' fees and expenses to be awarded to Class Counsel and that order is Final and non-appealable; (g) the Court has journalized a final order with respect to the incentive payment to be awarded to Plaintiffs and that Order is Final and non-appealable; (h) the Court has journalized a final Judgment dismissing the Action with prejudice and that final Judgment has become Final; and (i) the Court has journalized a Judgment dismissing the Action with prejudice, and thirty-five (35) days have expired without any appeal and/or petition for review being timely

White Settlement Agreement
Page 1

filed, or, if an appeal and/or petition for review is taken and the settlement is affirmed, the time period during which further petition for hearing, appeal or writ of certiorari can be taken has expired. If the Judgment is set aside, materially modified or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, the Judgment shall not become "final."

9. "Class Member" means any Person who was a borrower or who pledged collateral under a retail installment contract that was executed in Ohio, assigned to Wells Fargo, repayment of which was secured by a vehicle which Wells Fargo repossessed in Ohio between March 2, 2006 and November 1, 2013, and who either (a) were issued a notice of sale by Wells Fargo which failed to provide the correct public sale date, time and/or location for the auction of the vehicle; (b) were issued a notice of sale by Wells Fargo where the minimum bid price for the vehicle at public auction was either not included in the notice or the vehicle was subsequently sold at public auction for less than the minimum bid amount disclosed in the notice of sale; or (c) were issued a notice of deficiency which deducted monies as "collection fees" that were not in fact collection fees from the proceeds of the sale. Persons who would otherwise be a Class Member but who had a prior judgment rendered in connection with the repossession and/or sale of a vehicle, or who filed for bankruptcy following the sale of the vehicle, or who already settled any such claims with Wells Fargo are excluded from this definition.

10. "Final Approval" means that this Agreement has been approved by the Court and the Judgment has been journalized with the Clerk of Courts in accordance with this Agreement.

11. "Final Approval Hearing" means the hearing at or after which the Court will make a final decision whether to approve the settlement set forth in this Agreement as fair, reasonable, and adequate.

12. "Final Approval Order" means the order to be journalized by the Court after the Final Approval Hearing, the Parties' proposed form of which is attached hereto as "Exhibit A."

13. "Full Class Notice" means the written "Notice of Pendency of Class Action and Proposed Settlement," the Parties' proposed form of which is attached hereto as "Exhibit B," that will be mailed to each person on the Class List.

14. "Judgment" means the final judgment and order that is journalized, and that grants final approval of the settlement, the Parties' proposed form of which is attached hereto as "Exhibit C," after it becomes Final. The Judgment shall be deemed "Final": (a) thirty-five (35) days after the Final Approval Order and Judgment are journalized if no document is filed within that time seeking appeal, review, rehearing, reconsideration, or any other action regarding the Final Approval Order and/or Judgment; or (b) if any such document is filed, then fourteen (14) days after the date upon which all appellate and/or other proceedings resulting from the document have been finally terminated in such a manner as to permit no further judicial action and that the settlement is affirmed; if the Judgment is set aside, materially modified or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, the Judgment shall not become "final."

15. "Minimum Bid Class Member" means a Class Member who was issued a notice of sale by Wells Fargo where the minimum bid price for the vehicle at public auction was either not included in the notice or the vehicle was subsequently sold at public auction for less than the minimum bid amount disclosed in the notice of sale.

16. "Notice Class Member" means a Class Member who was issued a notice of sale by Wells Fargo which failed to provide the correct public sale date, time and/or location for the auction of the vehicle.

17. "Parties" means, collectively, Plaintiffs and Wells Fargo.

18. "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity, and their spouses, heirs, predecessors, successors, agents, representatives, or assignees.

19. "Plaintiffs" mean the two named Plaintiffs in the Action, Laneeka White and Timothy Reese.

20. "Preliminary Approval Order" means the order to be submitted to the Court in connection with the preliminary approval hearing on the settlement, the Parties' proposed form of which is attached hereto as "Exhibit D."

21. "Publication Notice" means the notice of the settlement that will be provided through one-time publication, in a size of at least one-eighth page, in the business or metro sections of each of the following ten newspapers: (a) Cleveland Plain Dealer, (b) Akron Beacon-Journal, (c) Columbus Dispatch, (d) Cincinnati Enquirer, (e) Toledo Blade, (f) Dayton Daily News, (g) Canton Repository, (h) Youngstown Vindicator, (i) Athens Messenger, and (j) Lorain Morning Journal; the Parties' proposed form of which is attached hereto as "Exhibit E."

22. "Released Parties" means and includes: Wells Fargo (as herein defined), and its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, predecessors-in-interest, and/or any financial institutions, corporations, trusts, or other entities that serviced or may hold or have held any interest in any retail installment contract that was or is the subject of a Released Claim, and all of their respective past, present, or future officers, directors, employees, attorneys, shareholders, agents, vendors (including processing facilities), and assigns, as well as the holder, owner, or third-party servicer of any contract which is the subject of this Agreement.

23. "Settlement Class Members" means all Class Members who have not effectively opted out in accordance with the procedures provided below.

24. "Settlement Cash Refund Member" means a Minimum Bid Class Member or a Notice Class Member who made a Deficiency Payment to Wells Fargo.

25. "Settlement Costs" means and includes: (i) any award of attorneys' fees and costs to Class Counsel; (ii) any incentive award to Plaintiffs; (iii) Class Notice costs (including Full Class Notice, Publication Notice, the printing and mailing of Full Class Notice, and any additional notice ordered by the Court); (iv) administration costs; and (v) payments to Class Members.

26. "Settlement Fund" means the sum of Nine Hundred Fifty Thousand Dollars and Zero Cents ($950,000.00) that Wells Fargo has agreed to pay in complete and final settlement of the Action. The Settlement Fund shall include the Settlement Costs, attorneys' fees, administration costs, and costs to Class Counsel.

27. "Wells Fargo" means Wells Fargo Bank, N.A., Wells Fargo Dealer Services, a division of Wells Fargo Bank, N.A., Wachovia Dealer Services, Inc., Wells Fargo Auto Finance, LLC and Wells Fargo Auto Finance, Inc.

B. Capitalized terms used in this Agreement, but not defined above, shall have the meaning ascribed to them in this Agreement, including the attached Exhibits.

II.  <u>Recitals.</u>

The following recitals are material terms of this Agreement. This Agreement is made with reference to and in contemplation of the following facts and circumstances:

A. Plaintiffs filed the Action on March 2, 2012. Plaintiffs amended their complaint on January 17, 2013.

B. Plaintiffs alleged violations of Ohio Revised Code Sections 1317.07, 1317.12, 1317.16, 1309.610, 1309.613 and 1309.614 and sought damages, on their own behalf and on behalf of a class of Ohio borrowers, for Wells Fargo's alleged failure, following the repossession of a vehicle, to issue a proper Notice of Repossession, and/or issue a proper Notice of Sale, and/or to issue a proper Deficiency Notice and/or alleged that Wells Fargo imposed improper fees associated with the collection or sale of the vehicle.

C. Wells Fargo vigorously denies all claims asserted against it in the Action, denies all allegations of wrongdoing and liability, denies all material allegations of the Complaint and has asserted numerous defenses as to both liability and damages. Moreover, Wells Fargo claims that Plaintiffs cannot certify any class in this Action and that it is entitled to a deficiency balance from most borrowers following the sale of the vehicle.

D. The Parties have engaged in informal discovery regarding the claims asserted. The Parties reached this settlement following extensive arm's-length negotiations between Class Counsel and counsel for Wells Fargo.

E. The Parties understand, acknowledge, and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims. This Agreement is inadmissible as evidence against Wells Fargo except to enforce the terms of the settlement and is not an admission of wrongdoing or liability on the part of any of the

Parties. It is the Parties' desire and intention to effect a full, complete, and final settlement and resolution of all existing disputes and claims as set forth herein.

III.   <u>Representations and Warranties</u>.

    A.  Class Counsel affirmatively warrants that, other than White and Reese, they do not presently represent, on an individual basis, any potential Claimant or Class Member, related to the claims in this lawsuit, including any potential Claimant or Class Member who does not fall within the definition of the Class by virtue of the fact that his or her contract predates the look-back date for inclusion in the Class. Class Counsel is representing all Class Members and Settlement Class Members.

    B.  Class Counsel represents that, except for this lawsuit, they are not seeking the certification of, and have no intentions of seeking certification of, a class comprised of members who would have rights to sue Wells Fargo if a six-year statute of limitations applied to the claims for relief alleged by the named Plaintiffs.

IV.   <u>The Benefits of Settlement</u>.

       In reaching the settlement set forth herein, Plaintiffs and Class Counsel have taken into account the expense and length of trial on the claims alleged, the possible appeals, and the uncertain outcome of and risks presented by those claims and by collateral legal issues. Class Counsel is mindful of and recognizes the potential problems of proof under and alleged defenses to the alleged claims. Plaintiffs and Class Counsel believe that the settlement set forth in this Agreement confers substantial benefits upon the Settlement Class. Based upon their evaluation and investigation, including the informal discovery taken, Plaintiffs and Class Counsel have determined that the settlement is fair, reasonable, and in the best interests of Plaintiffs and the Settlement Class. Meanwhile, Wells Fargo desires to settle the Action on the terms set forth herein solely for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing these proceedings.

V.   <u>Terms of Settlement</u>.

    A.  <u>Conditional Certification of Settlement Class</u>.

       1.  Solely for the purposes of settlement, providing Class Notice, and implementing this Agreement, the Parties agree to conditional certification of the following class, which shall be certified for settlement purposes only. The class shall consist of all persons who executed a retail installment contract in Ohio where:

          a.  Wells Fargo Bank, N.A., Wells Fargo Auto Finance, LLC, Wells Fargo Auto Finance, Inc., Wells Fargo Dealer Services and/or Wachovia Dealer Services was the party with the rights to enforce a retail installment contract executed by an Ohio resident;

          b.  The retail installment contract was secured by a lien on a motor vehicle;

White Settlement Agreement<br>Page 5

    c. Wells Fargo repossessed the vehicle in the State of Ohio between March 2, 2006 through November 1, 2013 due to a default on the underlying retail installment contract, and sold the vehicle for purposes of satisfying the default or gave notice that it intended to so do;

and who:

    a. were issued a Notice of Sale by Wells Fargo which failed to provide the correct date, time and location for the auction of the vehicle;

    b. were issued a notice of sale by Wells Fargo where the minimum bid price for the vehicle at public auction was either not included in the notice or the vehicle was subsequently sold at public auction for less than the minimum bid amount disclosed in the notice of sale; or

    c. were issued a notice of deficiency which deducted monies as "collection fees" that were not in fact collection fees.

and who:

    a. Have not had judgment issued or entered against them and in favor of Wells Fargo relating to the account;

    b. None of the obligors on the account have filed for relief or had an involuntary petition for relief filed against them pursuant to the United States Bankruptcy Code; or

    c. Are not now and have never been executives of the Wells Fargo and the spouses, parents, siblings and children of all such individuals.

2. If the Court does not approve the settlement, certification of the Settlement Class will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in the Action. The Parties will be returned to their positions *status quo ante* with respect to the Action as if the settlement had not been entered into.

B. <u>Settlement Consideration.</u>

1. <u>Payments to Settlement Cash Refund Members.</u> In complete and final settlement of the Action, Wells Fargo has agreed to pay the Settlement Fund. Payments from the Settlement Fund shall be made to pay the Settlement Costs and to make a pro-rata refund to the Settlement Cash Refund Members.

2. <u>Deficiency Waiver.</u> Wells Fargo shall release all Settlement Class Members from any deficiency balance from any retail installment contract which it currently holds, and agrees that neither it nor any of its successors, agents or employees will sue or maintain any action at law or in equity against the Settlement Class members on any such contract. Wells Fargo shall report to the three (3) major Credit Reporting

White Settlement Agreement

Page 6

Agencies (i.e., Equifax, Experian, and TransUnion) ("the CRAs") to delete the trade line related to the account or reduce the reported Deficiency Balance to zero. However, it is understood that: (i) the CRAs are independent companies, and not affiliated with Wells Fargo; (ii) Wells Fargo cannot and does not guarantee that, when, or how the CRAs will act upon the requests for deletion of the Settlement Class Member trade lines or reduction in reported Deficiency Balances; (iii) Wells Fargo is not responsible for assuring or compelling any CRA action in response to the requests for deletion of the Settlement Class Member trade lines or reduction in reported Deficiency Balances, as it may take the CRAs sixty (60) to ninety (90) days to update; and (iv) Wells Fargo will not be liable to any Settlement Class Member for the failure by one or more of the CRA's to properly delete a trade line or reduce the reported Deficiency Balance, provided Wells Fargo took appropriate steps to request that the CRA delete the trade line pursuant to this Agreement. However, if after a reasonable period of time, one or more of the CRAs fail to delete a trade line or reduce the reported Deficiency Balance, as requested by Wells Fargo, Class Counsel may request that Wells Fargo resubmit the request to one or more CRAs to delete the trade line or reduce the reported Deficiency Balance, Wells Fargo's obligation being limited to not more than two resubmissions to each CRA for each Settlement Class Member. Within thirty (30) days of receipt of such a request, Wells Fargo will resubmit a request to delete the trade line or reduce the reported Deficiency Balance to zero. The total amount of debt relief is in excess of twenty-one million dollars ($21,000,000) and averages $5,741.62 for the accounts that carry a balance.

3. <u>Costs of Administration.</u> Costs of providing notice to the Class Members of the pendency and settlement of the Action, administering this Agreement and making the cash payments and distributions required under this Agreement shall also be paid from the Settlement Fund.

C. <u>Duties of Parties.</u>

1. <u>Conditional Certification.</u> Upon full execution of this Agreement, the Parties shall take all necessary steps to obtain an Order from the Court substantially in a form to be agreed upon by the Parties prior to filing the Motion for Preliminary Approval, granting conditional certification of the Class, granting preliminary approval of this Agreement, and approving the forms and methods of notice to the Class set forth herein.

2. <u>Class Member List.</u> Wells Fargo will provide Class Counsel with an affidavit, the Class List and documents identifying the size, composition and the methodology for determining who is a Class Member. For each Class Member, Wells Fargo shall provide the: (a) name; (b) last known address; (c) date of the contract; (d) date of repossession; and (e) the Deficiency Payments made by each Settlement Cash Refund Class Member. Wells Fargo shall use reasonable, good faith efforts to identify Class Members.

D. Preliminary Approval and Class Notice.

1. The Preliminary Approval Order. Within fifteen (15) days of the execution of this Agreement, the Parties shall request that the Court enter the Preliminary Approval Order, specifically including provisions that: (a) preliminarily approve the settlement reflected in this Agreement and determine it to be fair, reasonable, and adequate and in the best interest of the Class Members for settlement purposes; (b) conditionally certify the Settlement Class (for settlement purposes only); (c) approve the forms of Full Class Notice and Publication Notice to be provided to the Settlement Class; (d) direct that the Full Class Notice be mailed to each person on the Class List; (e) establish a procedure for Persons in the Settlement Class to object to the settlement or exclude themselves from the Settlement Class and set a date, not later than one-hundred and five (105) days following the date of entry of the Preliminary Approval Order, after which no one shall be allowed to object to the settlement or exclude himself or herself from the Settlement Class or seek to intervene in the Action; (f) pending final determination of whether the settlement should be approved, bar all Persons in the Settlement Class, directly, on a representative basis, or in any other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum, or tribunal which asserts any of the Released Claims; and (g) pending final determination of whether the settlement should be approved, stay all proceeding in the Action except those related to the effectuation of the settlement. The Preliminary Approval Order also will request the Final Approval Hearing to be held not earlier than one hundred thirty-five (135) days following the date that the Preliminary Approval Order is journalized by the Court. The Parties expressly acknowledge that the claims administration process will not be completed by the date of the requested Final Approval Hearing. The Parties further expressly acknowledge that the Court will schedule the Final Approval Hearing as the Court deems appropriate.

2. Timing of Class Notice. Class Notice shall be accomplished within forty-five (45) days following the date of entry of the Preliminary Approval Order by the Court.

3. Procedure and Format of Class Notice. Each potential member of the Settlement Class, as such persons are listed on the Class List, shall be mailed a Full Class Notice at the address reflected on the Class List. The Full Class Notice must be sent by First Class Mail through the United States Postal Service. Before addressing and mailing the envelopes containing the Full Class Notice, the Settlement Administrator (as defined below) will update the addresses by means of the National Change of Address databank (NCOA) maintained by the U.S. Postal Service. In the event a Full Class Notice is returned undeliverable, the Settlement Administrator will make one further attempt to locate an updated address for re-mailing using databases such as Accurint, LexisNexis, or a comparable service.

4. Publication Notice. The Settlement Administrator shall cause publication of the Publication Notice within one month of mailing the Full Class Notice.

5. <u>Review of Notice</u>. Class Counsel and Wells Fargo shall be provided copies of any and all form notices and other communications to be sent to Class Members, as well as all envelopes and all enclosures to review and approve in advance of mailing.

6. <u>Costs of Notice</u>. The costs of notice shall be paid from the Settlement Fund.

E. <u>Administration</u>.

1. <u>Administration of the Settlement and Costs</u>. Class Counsel agrees to make arrangements for claims administration and to use a third-party to administer the settlement, A.B. Data, Ltd. ("Settlement Administrator"). The Settlement Administrator shall also be responsible for disbursing all funds from the Settlement Fund, including payments to Settlement Cash Refund Members. Costs for postage and publication and any reasonable costs of administration shall be paid from the Settlement Fund.

2. <u>Payments from Settlement Fund</u>. If this Settlement Agreement is preliminarily approved by the Court, the Settlement Administrator shall make an estimate of the cost for postage, publication and the costs of administration prior to the Final Approval Hearing, and provide an invoice to Wells Fargo for that amount, along with a W–9 form. Within 14 days after receipt of all of these materials, Wells Fargo shall pay the invoice from the Settlement Fund. Within 14 days after the Effective Date, Wells Fargo shall pay to the Settlement Administrator the remaining amount of the Settlement Fund.

3. <u>Preliminary calculation of payments to Settlement Cash Refund Members.</u> The Settlement Administrator will be provided the Class List, which shall be kept confidential by the Settlement Administrator and shall not be shared with any third party. Within 30 days after the Effective Date, and after deducting payments to Class Counsel, the Incentive Award, payments for the provision of notice, and payments for administration, the Settlement Administrator shall make a preliminary determination of the monies remaining for payment to the Settlement Cash Refund Members. The Settlement Administrator shall then determine each Settlement Cash Refund Member's *pro rata* share of the remaining monies in the Settlement Fund. The *pro rata* share shall be equal to the ratio of the Deficiency Payments made by the Settlement Cash Refund Member to all Deficiency Payments made by all Settlement Cash Refund Class Members. The *pro rata* share shall not exceed the actual Deficiency Payment made by the Settlement Cash Refund Member. The Settlement Administrator will then certify and submit an affidavit to counsel for the Parties of those Settlement Cash Refund Members who are eligible to receive a payment and the proposed amount of the payment ("Payment List"). Counsel for the parties shall have 15 days to object to the calculation or the inclusion of any Settlement Cash Refund Members on the Payment List.

4. <u>Payments to Settlement Cash Refund Members.</u> After the later of 30 days from the provision of the Payment List or the resolution of any disputes concerning the composition of the Payment List, the Settlement Administrator will mail checks to the

Settlement Cash Refund Members. Before addressing and mailing the payments to the Settlement Cash Refund Members, the Settlement Administrator will again use current U.S. Postal Service software, Accurint, or comparable service to update their address records. Within 15 days after the receipt of the final payment from Wells Fargo, the Settlement Administrator shall make payments to the Settlement Cash Refund Members ("Distribution Date"). Each Claims Payment check shall conspicuously state: "VOID AFTER 90 DAYS FROM DATE ISSUED."

5. Deceased Settlement Cash Refund Class Members. If the Settlement Administrator receives notice that a Settlement Cash Refund Class Member is deceased, the Settlement Administrator will, upon receipt of proper notification and documentation, make any payment due to the Settlement Cash Refund Class Members' estate. "Proper notification and documentation" means, at minimum, a copy of the court filings appointing an executor, administrator or other personal representative of the estate and sufficient information as to the identity and address of the executor, administrator or personal representative to enable mailing of a check.

6. Post office box. For a period of 120 days after the Distribution Date, or ninety (90) days after the Effective Date, whichever is longer, the Settlement Administrator shall maintain a post office box address to receive inquiries with respect to the Settlement.

7. Uncashed/Unclaimed Checks. Those Settlement Cash Refund Class Members who are not located or whose checks are not cleared within ninety (90) days after the Distribution Date shall be ineligible to share in the Settlement Fund. In the event a check becomes void or is returned, the Class Member shall forfeit his/her right to payment, but this Agreement shall in all other respects be fully enforceable against the Settlement Class Member. In the event that a Settlement Class Member requests that the Settlement Administrator reissue a check that the Settlement Class Member had been issued, the Settlement Administrator shall reissue a check if the originally-issued check is lost or damaged, but not if the originally-issued check is expired. Any Settlement Class Member who does not cash the check sent to them shall nonetheless remain a Settlement Class Member and be bound by this Agreement and the Release herein. However, if a check is returned upon mailing with a corrected address, the Settlement Administrator shall resend the check to the updated address.

8. Payment Report. Within 120 days after the Distribution Date, the Settlement Administrator will provide to Class Counsel and Wells Fargo a report (the "Payment Report") detailing what payments were made and what checks were not cashed.

F. Opt-Out Right.

1. Persons in the Settlement Class shall be given the opportunity to opt out of the settlement. Each Person in the Settlement Class who wishes to opt out shall do so by serving, via first class mail, postage pre-paid, a written request for exclusion which must be postmarked to the address specified in the Class Notice within one hundred five (105) days after the date of preliminary approval of this Agreement.

2. Exclusion requests must: (i) be signed by all contract debtors (including joint debtors and co-debtors); (ii) include the full name and address of the Person(s) requesting exclusion; (iii) be timely postmarked and mailed to the address designated in the Class Notice; and (iv) include the following statement: "I/we request to be excluded from the proposed class settlement in *Laneeka White v. Wells Fargo Bank, N.A.*, Case No. 12-CV-943 (United States District Court for the Northern District of Ohio)." No request for exclusion will be valid unless all of the information described above is included and it is timely postmarked. For any Person in the Settlement Class who has more than one Contract, the exclusion request must specify each separate Contract. The Settlement Administrator will retain a copy of all requests for exclusion and will provide a copy of any such requests to Class Counsel with the Wells Fargo account number redacted and provide an affidavit verifying the number of opt-out requests received. Class Counsel will keep any such opt-out information confidential and will use it only for purposes of determining whether a person has properly opted out.

3. All Persons in the Settlement Class who do not opt-out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Action and will be Class Members.

4. All Persons in the Settlement Class who exclude themselves from the Settlement Class will not be eligible to receive any payment or deficiency waiver, will not be bound by any further orders or judgments entered for or against the Settlement Class and will preserve their ability to independently pursue any claims they may have against Wells Fargo by filing their own lawsuit at their own expense.

G. Objections to the Settlement.

1. Class Members who do not opt out have the right to object to the proposed settlement by submitting an objection in writing with within one hundred five (105) days of the date of preliminary approval of this Agreement. The objection must be mailed to each of the following, postmarked by the last day to file the objection: (i) Class Counsel: Ronald Frederick, Frederick & Berler, LLC, 1370 Ontario Street, Suite 1240, Cleveland, Ohio 44113; (ii) counsel for Wells Fargo: Scott A. King, Thompson Hine LLP, Austin Landing I, 10050 Innovation Drive, Suite 400, Dayton, Ohio 45342-4934. Class Counsel will file the objection(s) with the Court at least fourteen (14) days prior to the Final Approval Hearing.

2. A written objection must include: (i) the specific grounds for the objection and the reasons why such Class Member desires to appear and be heard; and (ii) all documents or writings that such Class Member desires the Court to consider.

3. All borrowers to a contract must sign the objection for such objection to be valid.

4. Any Class Member wishing to appear in person at the Final Approval Hearing in addition to submitting a written objection must, in addition to the required written objection and within one hundred five (105) days after the date of preliminary approval of this Agreement, provide to Class Counsel and counsel for Wells Fargo, a

written notice of intention to appear at the Final Approval Hearing. Class Counsel will file the notices of intention to appear with the Court within fourteen (14) days prior to the Final Approval Hearing.

5. Any Class Member who fails to object in accordance with the foregoing shall be deemed to have waived his or her objections and be forever barred from making any objections in the Action, and the Court will not consider and will not hear objections that are not timely and in compliance with these requirements.

H. Attorneys' Fees and Incentive Payment to Plaintiff.

1. Attorneys' Fees and Costs. Wells Fargo agrees not to oppose an application by Class Counsel for attorneys' fees and costs in an amount not to exceed Four Hundred and Seventy Five Thousand Dollars and Zero Cents ($475,000.00), less the cost of Administration. The attorneys' fees and costs will be taken from the Settlement Fund and paid by the Settlement Administrator. Class Counsel agrees to accept as final any such lesser amount as awarded by the Court for fees and costs. In addition, no interest will accrue on such amounts at any time. Class Counsel must submit a fee petition no later than five (5) business days prior to the Final Approval Hearing. The payment for attorneys' fees and costs shall count towards the Settlement Costs.

2. Incentive Award. Plaintiffs shall apply to the Court for awards in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), to each of White and Reese, in lieu of any other distribution, payment, or benefit under the settlement, and shall provide a W-9 form to the Settlement Administrator. Plaintiffs shall not submit Proofs of Claim, and shall not be entitled to any Settlement Payment, but shall be entitled to a waiver of any deficiency balance owed to Wells Fargo under the terms of their respective retail installment contracts. The amount awarded shall be paid to Plaintiffs via check from the Settlement Administrator within ten (10) days after the Effective Date. No interest will accrue on such amount at any time. Class Counsel must submit any motion to approve or pay the incentive award no later than five (5) business days prior to the Final Approval Hearing. The incentive award shall count towards the Total Aggregate Payment and the Settlement Fund.

I. Cy Pres.

The Parties have agreed that a *cy pres* fund will be created to address any residue of the Settlement Fund remaining for any reason, including checks that are not negotiated or are returned and remain undeliverable after 90 days following the mailing of the checks to Settlement Cash Refund Eligible Class Members pursuant to this Agreement. The *cy pres* fund shall be donated, with the approval of the Court, to recipients mutually agreed upon by Wells Fargo and Class Counsel. The Settlement Administrator, 110 days after the checks are mailed to the Settlement Cash Refund Eligible Class Members under, shall forward funds payable to the *cy pres* recipient to the escrow account of Class Counsel. Class Counsel shall remit the funds to the *cy pres* recipient and provide proof of such payment to Wells Fargo's counsel.

J. Release of Claims.

    1. This Agreement seeks the termination of this lawsuit between the Parties. The Class Representative and Wells Fargo expressly understand and acknowledge that it is possible that unknown losses or claims exist or that present losses may have been underestimated in amount or severity. The Class Representative and Wells Fargo explicitly took that possibility into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between the Class Representative and Wells Fargo with the knowledge of the possibility of such losses or claims, was given in exchange for a full accord satisfaction, and discharge of all such losses or claims.

    2. Upon Final Approval, Representative Plaintiffs and each Settlement Class Member, and each of their respective executors, representatives, heirs, successors, guardians, wards, agents and assigns, and all those who claim through them or who assert claims on their behalf shall be deemed to have fully released and forever discharged the Released Parties from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability for actual or statutory damages, punitive damages, equitable relief, restitution or other monetary relief of any and every kind whether known or unknown, suspected or unsuspected, under the law, statutory or common law, of any federal or state jurisdiction, which the Representative Plaintiff or any Settlement Class Member ever had, now have or may have in the future resulting from, arising out of (a) any act, omission, event, incident, matter, dispute, or injury arising from the Automobile Loan Accounts either financed by or assigned to Wells Fargo; (b) any acts or omissions that were raised or could have been raised in the Action; or (c) relates in any way to the, in whole or in part, directly or indirectly, to or arises out of the assignment, collection, repossession and sale of motor vehicles in the State of Ohio.

    3. Plaintiffs and each Settlement Class Member acknowledge that he or she is aware that he or she may hereafter discover facts in addition to, or different from those facts which he or she now knows or believes to be true with respect to the subject matter of the settlement, but that it is his or her intention to release fully, finally, and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

    4. Except to the extent released by this Agreement, nothing contained within this Agreement shall otherwise amend or modify the rights or obligations of any party as set forth in the contracts existing between the parties.

    5. The releases contained in this Agreement shall apply to and bind all members of the Settlement Class who do not opt out including, but not limited to, those Class Members whose Class Notices are returned undeliverable, those who do not negotiate checks sent to them, and/or those for whom no current address can be found. Upon final court approval of this Agreement, all Settlement Class Members shall be bound by this Agreement and all of their claims shall be dismissed with prejudice and

released even if they never received personal notice of the Action or the settlement. The effectiveness of this Agreement shall not be conditioned upon approval of the payment or the amount of payment either to Plaintiffs or to Class Counsel.

K. Final Approval and Judgment.

1. The Parties agree that they will request the Court to enter, after the Final Approval Hearing, which shall take place as soon as practicable following the expiration of the opt-out deadline and the deadline for Class Members to file objections (but not earlier than one hundred thirty-five (135) days after the date of the Preliminary Approval Order), the Final Approval Order. The Final Approval Order will, *inter alia*: (a) approve this Agreement as presented and without modification (except insofar as the Parties have agreed to such modification, which may only be done in writing); (b) find that the settlement and this Agreement is fair, just, equitable, reasonable, adequate, and in the best interests of the Settlement Class; and (c) direct the Parties to consummate the Agreement in accordance with its terms. Entry of the Final Approval Order shall not be conditioned or delayed by the Court's failure to approve the attorneys' fees payment to Class Counsel.

2. The Parties agree that they will request the Court to enter, after the Final Approval Hearing, the Judgment. The Judgment will, *inter alia*:

    a. dismiss with prejudice all claims against Wells Fargo in the Action, without fees or costs except as provided in this Agreement;

    b. declare that the Class Notice fully complies with the requirements of due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all Persons entitled to notice of the settlement in this Action;

    c. declare that Plaintiffs and the Class Members who have not opted out are bound by this Agreement, including the release of claims set forth above;

    d. permanently enjoin Plaintiffs and the Class Members who have not opted out from prosecuting any Released Claims against the Released Parties; and

    e. reserve continuing jurisdiction over the construction, interpretation, implementation, and enforcement of this Agreement and over the administration and distribution of the Settlement Payments.

L. Effect of Settlement. Neither this Agreement nor any act performed or document executed to or in furtherance of the settlement: (1) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (2) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, arbitration, or other tribunal. The Released Parties may file the Agreement and/or the Judgment in any action that may be brought against them in order to support a defense or

counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

M. Wells Fargo's Right to Withdraw/Terminate.

1. Effect of Opt-Outs. If the number of Persons in the Settlement Class who opt out exceeds fifty (50), then Wells Fargo, in its sole discretion, will have the right to terminate the settlement set forth in this Agreement. Wells Fargo shall have twenty (20) days after the deadline for opt-outs within which to exercise its right to terminate, by filing written notice of the same with the Court. If Wells Fargo terminates the settlement, certification of the Settlement Class will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in the Action. The Parties will be returned to their positions *status quo ante* with respect to the Action as if the settlement had not been entered into.

2. Failure of Conditions. If, for any reason, all of the conditions regarding the Effective Date are not met and this settlement fails to become effective, or the Judgment is not journalized, any and all orders, judgments, and/or dismissals journalized or to be journalized pursuant to this Agreement shall be vacated, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into.

N. Evidentiary Preclusion. In the event that the settlement set forth in this Agreement is not approved as presented, or Wells Fargo withdraws from the settlement as set forth above, the Parties agree that neither the settlement terms nor any publicly disseminated information regarding the settlement, including, without limitation, the Class Notice, court filings, orders, and public statements, may be used as evidence for any purpose whatsoever. In addition, neither the fact of, nor any documents relating to, Wells Fargo's withdrawal from the settlement, any failure of the Court to approve the settlement, and/or any objections or interventions may be used as evidence for any purpose whatsoever.

O. Stay/Bar of Other Proceedings. All proceedings in the Action will be stayed following Preliminary Approval of the settlement, except as may be necessary to implement the terms or comply with the terms of the settlement set forth in this Agreement. Pending determination of whether the settlement should be granted final approval, the Parties agree not to pursue in the Action any claims or defenses otherwise available to them in the Action, and no Person in the Settlement Class, either directly, on a representative basis, or in any other capacity, will commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.

P. Communications with Media and Publicity. The parties will not issue any statement, whether oral or written, to the media. If any journalist, blogger, or other member of the media contacts Plaintiffs, Wells Fargo, or their respective counsel with respect to this lawsuit or this Settlement Agreement, each party agrees to notify the other before making any statement, and the parties agree to cooperate with the other before making any

statement. Any oral communications regarding this matter or its settlement to the media shall be consistent with this Settlement Agreement, and the Court's Orders. The parties and their counsel agree not to disparage, in any way, the other.

Q. Confidentiality. This Agreement and any and all drafts of it and other settlement documents will remain confidential and will not be disclosed or duplicated except as necessary to obtain preliminary approval and/or final court approval. It is agreed that, within thirty-five (35) days after the Effective Date, the originals and all copies of all documents produced in discovery as confidential documents, and/or information subject to all confidentiality agreements and any protective order in the Action shall be returned to the designating party or destroyed.

R. Tax issues.

1. Plaintiffs acknowledge and agree that (i) Wells Fargo may report any payments/compensation/debt forgiveness made pursuant to this Agreement to the Internal Revenue Service and/or state and local tax authorities or agencies; (ii) Plaintiff and Settlement Class Members are solely responsible for determining and satisfying any tax liability resulting from any payments or waiver of deficiency balances made pursuant to this Agreement; and (iii) Wells Fargo has made no representations, or offered any advice or opinion, concerning the tax consequences of the Parties' settlement or payments made under this Agreement.

2. The Class Notice shall include information related to the taxability of the settlement.

S. General Provisions.

1. This Agreement constitutes the entire agreement between and among the Parties with respect to the settlement of the Action. This Agreement supersedes all prior negotiations and agreements and may not be modified or amended except by a writing signed by or on behalf of Plaintiff, the Settlement Class, Wells Fargo, and their respective attorneys. Such a writing may be executed in counterparts.

2. Unless otherwise ordered by the Court herein, the Parties may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement.

3. The Parties hereto shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Agreement.

4. This Agreement may be signed in one or more counterparts.

5. No Party to this Agreement has assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement. In the event either Plaintiff has assigned all or any portion of his or her claim to any assignee, lien-holder, or statutory or other subrogee, and any assignee, lien-holder, or statutory or other subrogee asserts any claims

against the Released Parties relating in any way to the Released Claims, Plaintiffs agree to indemnify, defend, and hold the Released Parties harmless from such claims.

6. The terms of this Agreement are contractual and are the result of negotiation among the Parties. Each Party, in consultation with his, her, or its attorneys, has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same shall not be construed against any Party. In addition, no Party may seek to rescind this Agreement on the grounds of mistake either of fact or law.

7. This Agreement has been carefully read by each of the Parties, or their responsible officers thereof, and its contents are known and understood by each of the Parties. This Agreement is signed freely by each Party executing it.

8. This Agreement may be amended or modified only by a written instrument signed by the Parties' counsel and approved by the Court.

9. The individual(s) executing this Agreement on behalf of any Party represent that he or she is fully authorized to execute this Agreement on such Party's behalf.

10. Each Party to this Agreement warrants that he, she, or it is acting upon his, her, or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Agreement.

11. Each and every Exhibit to this Agreement is incorporated herein by this reference as though fully set forth herein.

12. The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver, by that Party or by any other Party, of any other prior or subsequent breach of this Agreement.

13. This Agreement shall be construed, enforced, and administered in accordance with the laws of the State of Ohio.

14. As used in this Agreement, the masculine, feminine or neutral gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

15. The warranties and representations of this Agreement are deemed to survive the date of execution hereof.

16. In the event any one or more of the provisions contained in this Agreement shall for any reason be held by a court of competent jurisdiction to be invalid, illegal, or unenforceable in any respect, such invalid, illegal, or unenforceable provision shall be ineffective but shall not in any way invalidate or otherwise affect any other provision.

17. The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

T. Timetable of Events.

| Task/Event | Description | Time Period | Planned Dates |
|---|---|---|---|
| **Preliminary Approval Motion** | The Parties will request that the Court enter the Preliminary Approval Order. | Within 15 days of execution of the Settlement Agreement | 1/7/2014 |
| **Notice Period** | Period during which the Settlement Administrator will disseminate the Notice to Class Members. | Within 45 days of entry of the Preliminary Approval Order | 2/21/2014 |
| **Exclusion, Objection, Notice of Intent to Appear Deadline** | Deadline for Class Members to: (a) opt out of the Settlement Agreement by serving written opt-out request, (b) object to proposed settlement by filing written objection, and/or (c) file written notice of intention to appear at Final Approval Hearing | 105 days following entry of the Preliminary Approval Order | 4/22/2014 |
| **Termination of Settlement Deadline** | If the number of Persons in the Settlement Class who opt out of the Settlement Agreement exceeds 50, Wells Fargo may elect to terminate the Settlement Agreement | Within 20 days after the exclusion deadline | 5/12/2014 |
| **Deadline for Attorney Fee Petition, Motion to Approve Incentive Award** | Class Counsel must submit fee petition and motion to approve incentive award | 5 business days prior to the Final Approval Hearing | X/X/2014 |
| **Final Approval Hearing** | At the conclusion of the Final Approval Hearing, the Parties will request the Court to enter the Final Approval Order and | Not earlier than 135 days following entry of the Preliminary Approval Order, and as soon as practicable following | X/X/2014 |

White Settlement Agreement
Page 18

| | Judgment | expiration of the exclusion and objection deadline | |
|---|---|---|---|
| ***Final Judgment*** | Date the final Judgment and order granting final approval of settlement becomes Final. | (a) 35 days after Final Approval Order and Judgment are journalized if no appeal, review, rehearing, reconsideration, or similar action; or<br><br>(b) if appeal, review, rehearing, reconsideration, or similar action, then 14 days after appellate and/or other proceedings are finally terminated. | X/X/2014 |
| ***Effective Date*** | All necessary pre-conditions have occurred to effectuate the Settlement Agreement. | Upon 14 days after the latest of the following:<br><br>(a) Agreement fully signed;<br><br>(b) orders journalized for conditional certification, preliminary approval, and approval of Class Notice;<br><br>(c) Class Notice provided;<br><br>(d) no withdrawal or termination of Agreement;<br><br>(e) Final Approval Order journalized;<br><br>(f) final order journalized with respect to attorney fees and expenses;<br><br>(g) final order journalized with respect to incentive payment;<br><br>(h) final Judgment dismissing Action journalized and the appeal | X/X/2014 |

White Settlement Agreement
Page 19

|  |  |  |  |
|---|---|---|---|
|  |  | period had passed. |  |
| ***Deadline for Return or Destruction of Discovery and/or Confidential Documents*** | All originals and copies of documents produced in discovery or subject to a confidentiality agreement or protective order shall be returned or destroyed | Within 35 days after the Effective Date | X/X/2014 |
| ***Payment of Attorney Fees and Costs, Incentive Award*** | The amount awarded by the Court for attorney fees and costs and for the incentive award will be paid | Within 17 days after the Effective Date | X/X/2014 |
| ***Payment List*** | Settlement Administrator's report of payments to Settlement Class Refund Members | Within 15 days after the Effective Date | X/X/2014 |
| ***Payment List Dispute deadline*** | Period of time in parties may dispute Payment List | 15 days after receiving the Payment List | X/X/2014 |
| ***Distribution Date*** | Date for payments to Settlement Class Cash Refund Members | Later of date after resolution of disputes regarding Payment List or 30 days after Payment List | X/X/2014 |
| ***Payment Report*** | The Settlement Administrator will determine the total amount of claims actually paid out on negotiated checks and parties in writing | Within 120 days of Distribution Date | X/X/2014 |

WHEREFORE, INTENDING TO BE BOUND, THE PARTIES, INDIVIDUALLY OR BY THEIR DULY AUTHORIZED AGENTS AND UNDERSIGNED COUNSEL, HAVE SET THEIR HAND AND SEAL AND EXECUTED THIS AGREEMENT AND RELEASE, EFFECTIVE THE LAST DAY SIGNED BY ALL PARTIES HERETO:

Dated: _____, 2014        PLAINTIFF LANEEKA WHITE

                                     _____
                                     Laneeka A. White


Dated: _____, 2014        PLAINTIFF TIMOTHY REESE

                                     _____
                                     Timothy Reese


Dated: _January 9, 2014_            DEFENDANT WELLS FARGO BANK, N.A.

                                     By: _____

                                     Its: _____

White Settlement Agreement
Page 21

WHEREFORE, INTENDING TO BE BOUND, THE PARTIES, INDIVIDUALLY OR BY THEIR DULY AUTHORIZED AGENTS AND UNDERSIGNED COUNSEL, HAVE SET THEIR HAND AND SEAL AND EXECUTED THIS AGREEMENT AND RELEASE, EFFECTIVE THE LAST DAY SIGNED BY ALL PARTIES HERETO:

Dated: _January 8_, 2014           PLAINTIFF LANEEKA WHITE

 

Laneeka A. White

Dated: _____, 2014      PLAINTIFF TIMOTHY REESE

 

Timothy Reese

Dated: _____, 2013      DEFENDANT WELLS FARGO BANK, N.A.

 

By: _____

Its: _____

White Settlement Agreement
Page 21

WHEREFORE, INTENDING TO BE BOUND, THE PARTIES, INDIVIDUALLY OR BY THEIR DULY AUTHORIZED AGENTS AND UNDERSIGNED COUNSEL, HAVE SET THEIR HAND AND SEAL AND EXECUTED THIS AGREEMENT AND RELEASE, EFFECTIVE THE LAST DAY SIGNED BY ALL PARTIES HERETO:

Dated: _____, 2014          PLAINTIFF LANEEKA WHITE

                                       _____
                                       Laneeka A. White


Dated: _01 - 07___, 2014               PLAINTIFF TIMOTHY REESE

                                       _Timothy Reese_____
                                       Timothy Reese


Dated: _____, 2013          DEFENDANT WELLS FARGO BANK, N.A.


                                       By: _____

                                       Its: _____


White Settlement Agreement
Page 21

AGREED AS TO FORM:

Dated: _____, 2014          Attorneys for Plaintiff:

                                      RONALD FREDERICK & ASSOCIATES CO., L.P.A.


                                      By: _____
                                          Ronald I. Frederick



Dated: _____, 2014          Attorneys for Defendants:

                                      THOMPSON HINE LLP



                                      By: _____
                                          Scott A. King

<u>AGREED AS TO FORM</u>:

Dated: _____, 2014

                                  Attorneys for Plaintiff:

                                  RONALD FREDERICK & ASSOCIATES CO., L.P.A.

                                  By: _____
                                       Ronald I. Frederick

Dated: __1 / 9____, 2014

                                    Attorneys for Defendants:

                                  THOMPSON HINE LLP

                                  By: _____
                                       Scott A. King