IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LANEEKA A. WHITE, *et al.* | ) CASE: 12-CV-00943 |
| Plaintiff, | ) JUDGE DAN AARON POLSTER |
| v. | ) |
| Wells Fargo BANK, N.A. Trading as Wells Fargo Dealer Services | ) **DECLARATION OF RONALD I. FREDERICK IN SUPPORT OF ASSENTED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| Wells Fargo. | ) |

I, RONALD I. FREDERICK, hereby declare as follows:

1. I make this Declaration and of my own personal knowledge, and if called to testify, I could and would testify competently to the matters stated herein.

2. I am an attorney duly licensed to practice before all courts of the State of Ohio. I am the founder of Ronald Frederick & Associates Co., L.P.A., counsel of record for Plaintiffs Laneeka White and Timothy Reese (Plaintiffs) and the Settlement Class in this action. I make this Declaration in support of the Motion for Final Approval of Class Action Settlement.

Experience of Class Counsel

3. Class Counsel, consisting of myself, has substantial experience representing consumers in class actions.

4. I graduated from The University of Akron, Law School in 1994 and am the founder of my law firm, Ronald Frederick & Assoc., Co., L.P.A. My practice consists almost entirely of consumer law and has since 1997. I have spoken at numerous CLE programs on various aspects of Ohio consumer protection statutes including CORT training for legal aid

attorneys, The O'Neil Bankruptcy Institute of the Cleveland Bar Association, The Ohio Judicial Conference's Seminar on Consumer Law Damages and the National Association of Consumer Advocates.

5. I was appointed as counsel in other pending and resolved consumer class actions including,

*Miguel Allende v. United Acceptance, Inc*., Lorain County Common Pleas, Case No. 08-CV-158791;

*Ford Motor Credit Co. v. Shaun E. Lowe*, Cleveland Municipal Court Case No. 99 CVF 15806;

*North Shore Auto Financing, Inc. v. Block*, 2003 WL 21714583, 2003-Ohio-3964, (Ohio App. 8 Dist., Jul 24, 2003) jurisdictional motion denied, 100 Ohio St.3d 1531, 800 N.E.2d 47;

*Anderson v. Asset Acceptance Corp.*, 1:03CV97 (N.D. Ohio);

*Phillips v. Andy Buick et. al.*, Lake County Common Pleas Case No. 02CV001128

*Thompson v. Tri-County Kia*, Lorain County Common Pleas, Case No. 02-CV-132392, appeal dismissed,

*Espay v. Bud Brady Ford*, C.P. 472093, appeal dismissed;

*Willis v. T.E. Clarke Motors, Inc.,* Cuyahoga County Common Pleas Court Case No. 479655;

*Washington v. Spitzer Management, Inc.*, 2003 WL 1759617, 2003-Ohio-1735 (8th Dist. April 3, 2003) jurisdictional motion denied, 99 Ohio.St.3d. 1543, 795 N.E.2d 682, 2003-Ohio-4671 (2003);

*Bartok v. Serpentini Group*, Cuyahoga County Common Pleas, Case Number 02 CV 479965;

2

*Huntington National Bank v. Bessie Malacky*, Cuyahoga County Common Pleas, 03 CV 491420;

*CNAC v. Claudio*, Lorain County Common Pleas, 04 CV 137406;

*Brailsford v. Jackson Hewitt*, Case No. C 06-00700 CW (N.D. Cal);

*Northcoast Financial Services v. Webster*, Cleveland Municipal Court, 2004 CVF 18651;

*Tidewater Financial v. Wade, et al.*, Cuyahoga County Common Pleas, Case No. 05-CV-562559;

*Central Ohio Credit Corp. v. Conway*, Richland County Common Pleas, Case No. 08-CV-2000;

*Setliff, et al v. Morris Pontiac*, et al, Lorain County Common Pleas, Case No. 02-CV-131974;

*Asset Acceptance v. Bediant*, et al, Lorain County Common Pleas, Case No. 07-CV-1525;

*Broadway Finance Co. v. Lakettia McCutchen*, et al, Cleveland Municipal Court Case No. 07 CVF 09855;

*Cummings, et al v. H&R Block*, Circuit Court of Kanawha County, West Virginia, Case No. 03-C-134;.

*Shagawat v. Northcoast Cycles, LLC*, Cuyahoga County Court of Common Pleas, Case No. 09-CV-697047;

*Hall v. Capital One Auto Finance, Inc.*, Northern District Ohio, Case No. 1:08-cv-01181.

*Burns v. Spitzer Management*, Cuyahoga County Court of Common Pleas, Case No. 06 CV 606666.

I have been designated as one of class counsel in each of these matters via certification of the respective classes.

The Settlelment

6. I have conducted a sufficient investigation to evaluate the merits of the case, and the value of potential recovery.

7. The Settlement Agreement was reached after hard fought negotiations, including a mediation session conducted by an experienced mediator from JAMS in Chicago and numerous informal settlement discussions between the parties.

8. The result of this negotiation is a fair and reasonable settlement that achieves full monetary relief, and that will provide substantial benefits directly to class members.

9. The relief for the class includes payment by Wells Fargo of the sum of $950,000 into a settlement fund for payment to the class members who had their vehicles repossessed and paid money to Wells Fargo after their vehicles were repossessed.

10. In addition, the settlement provides that Wells Fargo will waive all deficiency balances of the Class Members after the repossession. In the aggregate this amount to in excess of $21,000,000 with balances being waived averaging $5,741.62 and ranging from $1.58 to $30,298.06.

11. The settlement also provides for an additional significant non monetary benefit in that Wells Fargo will report to all of the major credit reporting agencies that the account is paid in full or request that the trade line be deleted in its entirety, thus removing the negative inferences related to these car loans from the Class Members credit history.

12. The settlement provides for the payment of attorneys' fees, costs and expenses including the cost of administration to Class Counsel following application for such an award. Class Counsel negotiated the essential terms of the settlement reached in this matter prior to any discussions with Wells Fargo about attorneys' fees. The compensation for the services Class

4

Counsel rendered to the class is wholly contingent. Any fees and reimbursement of expenses will be limited to such amounts as may be awarded by the Court.

13. My firm has not been paid any fee for our legal services in this case.

14. My hourly rate for the prosecution of this litigation is $425.00. The rate is based on the reasonable and customary fee charged by me in this type of case and by attorneys in this community having similar experience, background and competence in this type of litigation. This rate is based on my skill, reputation, training and experience, as outlined in paragraphs 4 and 5 above. Other people at my firm have various billing rates ranging from a low of $110.00 for paralegals and up to $300.00 for senior attorneys.

15. My Firm has spent over 475 hours on this case, exclusive of work after the Settlement Agreement.

16. The vast majority of issues in this case were vigorously contested by Defendant. They required difficult legal research and advocacy.

17. Class counsel advanced all costs on behalf of the named Plaintiffs and the class. None of these disbursements has been reimbursed.

18. I anticipate expending approximately 30-40 additional hours before the case is finally resolved. The additional time will be spent on final approval of the settlement addressing and monitoring the implementation of the settlement for the named plaintiffs and the class, and responding to inquiries from class members and others. At the conclusion of the final approval and attorneys' fees hearing in this matter, I would expect that the lodestar will exceed $275,000.

19. In this case, the Class Representatives, Laneeka White and Timothy Reese, performed the following tasks, among others: (1) assisted counsel in investigating and substantiating the claims alleged in this action; (2) assisted in the preparation of the complaint;

5

(3) produced documents; (4) reviewed pleadings, correspondence, and other documentation received from Class Counsel in order to keep themselves apprised of the progress of the litigation; and (5) participated in the settlement of this litigation.

20. Based on the involvement of the Class Representatives, Laneeka White and Timothy Reese, in this case, I believe that the requested $2,500 incentive award for each is fair and reasonable.

21. I recommend that the Court grant final approval of the settlement as proposed.

Signed under the penalties of perjury this ___ day of December, 2014.

Respectfully submitted,

_____
Ronald Frederick (0063609)
Ronald Frederick & Associates Co., L.P.A.
1370 Ontario Street, Suite 1240
Cleveland, Ohio  44113-1971
Phone: (216) 502-1055
Fax: (216) 566-9400
Email:  *ronf@clevelandconsumerlaw.com*
*Attorney for Plaintiffs*