UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LANEEKA A. WHITE, et al., | ) CASE NO. 1:12-CV-943 |
| Plaintiffs, | ) Judge Dan A. Polster |
| vs. | ) ORDER ON FINAL APPROVAL |
| WELLS FARGO BANK, N.A., | ) |
| Defendant. | ) |

Plaintiffs Laneeka White and Timothy Reese ("Plaintiffs") and the Settlement Class they represent, and Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), through their respective counsel, have submitted to the Court an Unopposed Motion for Final Approval of Proposed Class Action Settlement Agreement, which seeks final approval of the parties' Settlement Agreement. Class Counsel has also submitted to the Court an Amended Unopposed Motion for an Order Awarding Attorneys' Fees, Costs and Expenses to Class Counsel and Incentive Award to Class Representatives.

This Court preliminarily approved the Settlement Agreement on January 22, 2014. Notice was given to all members of the Settlement Class pursuant to the terms of the Preliminary Approval Order.

This Court has reviewed the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Settlement Class and Wells Fargo and supporting declarations. The Court held a hearing

on June 11, 2014 at 12:00pm EDT, at which time the parties and all other interested persons were heard in support of the proposed settlement.

Based on the papers filed with the Court and the presentations made to the Court by the parties and by other interested persons at the hearing, it appears to the Court that the Settlement Agreement is fair, adequate, and reasonable. Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The Court has jurisdiction over the subject matter of this litigation and over all parties to this action, including all Settlement Class Members, as such term is defined in the Settlement Agreement.

2. The Court has determined that the Notice given to members of the Settlement Class fully and accurately informed members of the Settlement Class of all material elements of the proposed settlement and constituted valid, due, and sufficient notice to all members of the Settlement Class.

3. All Settlement Class Members are bound by the settlement.

4. The Court finally approves the settlement of this action in accordance with the terms of the Settlement Agreement and finds that the settlement is fair, reasonable, and adequate in all respects.

5. The Court orders the parties to the Settlement Agreement to perform their obligations thereunder pursuant to the terms of the Settlement Agreement.

6. The Court dismisses the action, and all claims and causes of action asserted therein, on the merits and *with prejudice*, as to all Settlement Class Members. This dismissal is without costs to any party, except as specifically provided in the Settlement Agreement.

7. The Court adjudges that the Class Representative and all Settlement Class Members shall, to the extent provided by the Settlement Agreement, conclusively be deemed to have released and discharged Wells Fargo from any and all settled claims of any Settlement Class Member to the extent provided in the Settlement Agreement.

8. Without affecting the finality of this Order on Final Approval in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement pursuant to further orders of the Court until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Settlement Agreement; (b) any other action necessary to conclude this settlement and to implement the Settlement Agreement; and (c) the enforcement, construction, and interpretation of the Settlement Agreement.

9. The Court approves the "Settlement Fund" of Nine Hundred Fifty Thousand Dollars and Zero Cents ($950,000.00) that Wells Fargo has agreed to pay in complete and final settlement of this Action. The Settlement Fund shall include all payments to the Class, the Settlement Costs, attorneys' fees, costs of administration, and costs to Class Counsel.

10. The Court approves of Class Counsel attorneys' fees, costs and expenses in the amount of four hundred and seventy-five thousand dollars ($475,000). The Settlement Administrator shall pay this amount from the Settlement Fund as provided in the Settlement Agreement.

11. The Court approves the incentive payment to the Class Representatives, Laneeka White and Timothy Reese, of $2,500 each. The Settlement Administrator shall pay this sum as provided in the Settlement Agreement.

12. After the payment of Settlement Costs, as defined by the Settlement Agreement, any monies remaining in the hands of the Settlement Administrator shall be divided equally and paid to the Ohio Legal Aid Foundation and the Cleveland Food Bank as a pass through for the Solon Mobile Food Pantry (the "Charities").

13. Within 30 days after the latter of the payment of the monies to the Settlement Cash Refund Eligible Class Members as defined in the Settlement Agreement or to the Charities, the Settlement Administrator shall file a report detailing the monies disbursed for the costs of notice, to the Settlement Cash Refund Eligible Class Members, for administration, for attorneys' fees to Class Counsel and for distribution to the Charities.

14. Neither this Order on Final Approval nor the Settlement Agreement is an admission or concession by Wells Fargo of any fault, omission, liability, or wrongdoing. This Order on Final Approval is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by Wells Fargo. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Wells Fargo or the Settlement Class Members.

15. The Court finds that no just reason exists for delay in entering this Order on Final Approval. Accordingly, the Clerk is hereby directed forthwith to enter this Order on Final Approval.

**IT IS SO ORDERED.**

DATED: _June 11_, 2014

_____
JUDGE DAN A. POLSTER